## CORSON v. UNITED STATES.

### No. 10607.

Circuit Court of Appeals, Ninth Circuit.

Dec. 29, 1944.

Rehearing Denied Feb. 26, 1945.

Morris Lavine, of Los Angeles, for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter and Arthur Livingston, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Count 2 of the information, upon which appellant, Lester Arthur Corson, was tried and convicted on the 2d day of September, 1943, charged that appellant "did knowingly, wilfully and unlawfully assign and transfer to Edgar E. Thompson eight hundred (800) Type 'TT' gasoline ration coupons in a manner other than in accordance with the provisions of Ration Order 5C (7 Fed.Reg. 9135), as amended, in violation of the provisions of Section 1394.8177 (b) of said Ration Order 5C, as amended, issued pursuant to the provisions of the Second War Powers Act, Pub.L. 507, 77th Cong.2d Sess., March 27, 1942; * * *." Corson appeals from the judgment entered upon the verdict.

Ration Order 5C was issued by the Office of Price Administration and provides that: "(b) No person shall transfer or assign and no person shall accept a transfer or assignment of any coupon book or any bulk, inventory or other coupon (whether or not such book was issued as a ration or as part of a ration book) or other evidence, except in accordance with the provisions of Ration Order No. 5C." [§ 1394.8177(b)]

Section 2(a) of the Second War Powers Act, 50 U.S.C.A.Appendix, § 633, authorizes the President to provide for priorities in the distribution of goods and

materials, and ration boards were provided for under the direction of a government executive agency known as Price Administration. Subsection (8) of section 2(a) provides the authority therefor: "The President may. exercise any power, authority, or discretion conferred on him by this subsection (a), through such department, agency, or officer of the Government as he may direct and in conformity with any rules or regulations which he may prescribe." Subsection (5) of section 2 (a) provides the penal paragraph: "Any person who willfully performs any act prohibited, or willfully fails to perform any act required by, any provision of this subsection (a) or any rule, regulation, or order thereunder, whether heretofore or hereafter issued, shall be guilty of a misdemeanor, and shall, upon conviction, be fined not more than $10,000 or imprisoned for not more than one year, or both."

■ Appellant makes the point that the information fails to state an offense against the United States. As the judgment must be reversed because the case was submitted to the jury without necessary instruction as to the law (which error will be treated later herein), we pass the claimed insufficiency of the information. However, we pause to comment upon the poor draftsmanship of the formal accusatory document before us. Good pleading would unmistakenly inform the accused as to the law he is alleged to have violated, and the information in this case does not come up to this standard. After a careful study of the information, and, in fact, after a study of every page of the record and of the briefs, we have yet to learn what inhibition in the law the defendant is accused of having violated.

■ Error is claimed in that the trial court denied appellant's motion to set aside the information. Appellant's point is that the information was not supported by reasonable and probable cause of appellant's guilt. The information was verified by the statement of an Office-of-Price-Administration investigator, who swore that the matters set forth in the information were true of his own knowledge. Probable cause of guilt is sufficiently established by such a verification. See Albrecht v. United States, 1927, 273 U.S. 1, 5-6, 47 S.Ct. 250, 71 L.Ed. 505.

There was a motion for a directed verdict at the conclusion of the government's case, which was denied. A second motion of the kind upon the same grounds was made after both sides had rested, and this motion met the same fate.

The court's denial of each of these motions is assigned as error, but for reasons which will presently appear, we turn to the court's instructions to the jury.

■ The court very properly told the jury that it must take the "law as given to you by the Judge in these instructions. It would be a violation of your duty to attempt to determine the law or to base a verdict upon any other view of the law than that given you by the court * * *."

■ The judge proceeded to give general instructions, then read the Ration Order 5C: "Section 1394.8177 of Ration Order 5C reads in part: (b) No person shall transfer or assign and no person shall accept a transfer or assignment of any coupon book or any bulk, inventory or other coupon (whether or not such book was issued as a ration or as part of a ration book) or other evidence, except in accordance with the provisions of Ration Order No. 5C." No other part of the law relating to rationing was given the jury.

The court then defined the terms "assign" and "transfer" and then told the jury: "It is incumbent upon the government to prove beyond a reasonable doubt that the defendant on or about September 2, 1943, in the County of Los Angeles did knowingly, wilfully, and unlawfully assign and transfer 800 type TT gasoline ration coupons, that they were valid coupons issued by a rationing board of the United States, and that he transferred them to Edgar E. Thompson, in a manner other than in accordance with Ration Order 5C, as amended, and as again amended. The Government must prove the charges strictly as made. If you have a reasonable doubt as to the proof of any of these elements, or if the Government has failed to prove any of them, beyond a reasonable doubt, you must acquit the defendant of Count Two of the Information." Note that the expression "Ration Order 5C, as amended, and as again amended" shall be the standard of conduct, but what the amendments provided, the jury was not told.

For all the jury was told about the applicable law, appellant may have been acting fully within his rights in what he did. The jury had no right to assume that the law was violated and an offense committed

merely upon the showing of an unusual and suspicious manner of passing coupons from one to another. We quote in part the closing paragraph of appellant's brief, which succinctly states the case upon the point under consideration: "Neither of these instructions told the jury what Ration Order 5C provided nor the manner in which Ration Order 5C provided that stamps could be assigned or transferred, and what Ration Order 5C allows or forbids, (nor what act is required by the Second War Powers Act). Nor is there anything in the testimony in the case wherein the Government offered any regulation to the jury by which the jury could determine whether the stamps were or were not transferred in accordance with the provisions of Ration Code 5C as amended * * *."

We hold the failure to instruct the jury respecting the content of Ration Order 5 (c), as amended to the date of the information, was prejudicial error.

Reversed and remanded.