Thomas H. **BROOKS** and August J.
Maureau, Jr., Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 16170.

United States Court of Appeals
Fifth Circuit.

Jan. 31, 1957.

Rudolph F. Becker, Jr., New Orleans, La., for appellants.

Jack C. Benjamin, Asst. U. S. Atty., G. R. Blue, M. Hepburn Many, U. S. Attys., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

BORAH, Circuit Judge.

The appellants, Thomas H. Brooks and August J. Maureau, Jr., in a consolidated trial, were convicted by a jury on three counts of separate four-count indictments charging each of them with the crime of perjury. In each of the indictments it was alleged that Brooks and Maureau, respectively, "duly appeared and testified as a witness before the New Orleans District of the Intelligence Division of the Internal Revenue Service of the United States Department of the Treasury, which was then and there investigating and inquiring into matters coming under and within the Internal Revenue Code, and the said investigation and inquiry being a proceeding in which the laws of the United States authorize an oath to be administered, and the defendant having duly taken the oath administered by Naurbon L. Perry, a Special Agent of the Internal Revenue Service, the said Naurbon L. Perry being then and there a competent officer authorized under the laws of the United States to administer said oath, that the testimony that the said defendant would give would be the truth, the whole truth, and nothing but the truth, did willfully, knowingly, unlawfully, feloniously, corruptly, and contrary to his oath, testify" falsely in said proceeding in the particulars, which are set forth in four separate counts. Prior to judgment and sentence, appellants filed a motion for a new trial, which was overruled by the court below. This appeal is from the final judgments entered on the verdicts.

The important question presented by this appeal relates to the correctness of the court's charge in respect to the authority of Special Agent Perry in August, 1955, to administer the oaths which were administered to the appellants by him at that time. The documentary and oral evidence adduced at the trial which bears on the agent's authority was as follows: The Government offered in evidence as Government Exhibit 3, a commission dated January 19, 1950, from the Commissioner of Internal Revenue, addressed to Perry, delegating to him the

**906**

power to examine books and records, subpoena witnesses and administer oaths. The Commission bears the signature of George Schomman, who, Perry testified, was the Commissioner in 1950. The witness also stated that this commission was a continuing commission and that it had never been revoked. Perry further testified that he also had in his possession a pocket commission which authorized him to administer oaths in 1955, but the Government purposely refrained from offering the pocket commission in evidence in connection with the witness's testimony and failed to offer the document at any time during the progress of the trial. The Government as a part of its proof sought to introduce Government Exhibit 4 which was identified by the witness Perry as "Commissioners Delegation Order No. 4; subject—Delegation of authority to issue summonses and to examine the books and records and witnesses" and dated June 7, 1955, but on objection this exhibit was excluded. So much for the evidence.

The trial court carefully, correctly, and adequately instructed the jury that the burden of proof rested upon the Government to establish beyond a reasonable doubt the truth of each essential element of the offense charged, and the essential elements of the crime of perjury were correctly defined. But as to the authority of the officer who administered the oaths to appellants, the court instructed the jury as follows:

> "It was incumbent upon the Government to establish beyond a reasonable doubt that Naurbon L. Perry was a person authorized to administer oaths under the laws of the United States in connection with the investigation that he was conducting. *I charge you as a matter of law that Naurbon L. Perry was so authorized at the time he administered the oath to these individuals.*"
> (Italics ours.)

Appellants contend that the italicized portion of the charge was plain error. We agree for the all-sufficient reason that it deprived the jury of its function of determining whether or not, under the evidence and as exclusive judges of the facts and of the credibility of the witness, they believed beyond a reasonable doubt that Perry was an officer authorized to administer oaths in 1955 and thus violated appellants' constitutional right to a trial by jury as guaranteed by the Sixth Amendment. Heinous as the crime of perjury is under our law, it is entitled to no relaxation of the constitutional guaranty of the citizen in order to punish it.

Having concluded that there was reversible error in the proceedings below, it is unnecessary to discuss the remaining specifications of error.

Accordingly, the judgments of conviction must be reversed and the cause remanded for a new trial.

Reversed and remanded.