STATE OF WEST VIRGINIA

*v.*

THURMAN FRANKLIN DYE

(No. 14597)

Decided July 17, 1981.

*John S. Folio and John Lewis Marks, Jr.,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Thomas N. Trent,* Assistant Attorney General, for defendant in error.

PER CURIAM:

Thurman Franklin Dye appeals from a Circuit Court of Harrison County final order denying his motion to set aside the verdict and grant a new trial and sentencing him to a term of five to eighteen years in the State Penitentiary after a jury found him guilty of second degree murder.

The appellant assigns as error the trial court's failure to grant his request to strike for cause prospective juror Richard C. Dodson. During voir dire examination of the jury panel, Dodson stated he was a member of the City of Salem Police Force. Appellant challenged Dodson for cause, the court refused, and the appellant then exercised a peremptory strike to remove Dodson.

In *State v. West*, 157 W.Va. 209, 200 S.E.2d 859 (1973) we held in Syllabus Point 5:

"In a criminal case it is reversible error for a trial court to overrule a challenge for cause of a juror who is an employee of a prosecutorial or enforcement agency of the State of West Virginia."

Although the above quoted syllabus point was limited to State law enforcement personnel, the text of the case makes clear that the objectionable element in such a situation is a prospective juror's association "with enforcement officials." Relying on *West*, we held in *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978) that jurors who were not law enforcement officials themselves but who merely had disclosed a relationship or close association with police officers were objectionable. Accordingly, we hold that the circuit court committed reversible error to the prejudice of the appellant when it failed to sustain his challenge for cause to prospective juror, Richard C. Dodson, and for this reason we reverse the final judgment appealed from.

The appellant assigns other errors. We decline to discuss those which are unlikely to occur on retrial, but will discuss the appellant's claims relating to sufficiency of the evidence. In this regard the appellant's chief contention is that the evidence introduced by the State failed to show that the appellant acted with malice. The appellant first

contends that because there was no evidence of malice, certain of the State's instructions on first and second degree murder were not properly given. The appellant also complains that because of the absence of evidence of malice the court should have directed a verdict on the first and second degree murder charges and should have granted a motion to set aside the jury verdict of guilty of second degree murder.

Sufficiency of evidence claims in criminal cases are judged by the standard set out in Syllabus Point 1 of *State v. Starkey*, 161 W.Va. 530, 244 S.E.2d 219 (1978):

> "In a criminal case a verdict of guilt will not be set aside on the ground it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done."

Applying the *Starkey* standard to the evidence contained in this record and viewing that evidence in the light most favorable to the prosecution, we find that just prior to the fatal shooting, the appellant had appeared with a firearm and made a threat against the victim's life, that the shooting occurred in the absence of any legally sufficient provocation, that the victim was unarmed and was shot with a high-powered rifle from a distance of less than ten feet. The jury was free to believe this evidence, and if they believed it, they could have properly made a finding that the appellant acted with malice. We conclude that this evidence was sufficient to convince impartial minds that the appellant acted with malice, that the evidence was not manifestly inadequate, and that no injustice was done.

Concluding as we have that the State did present sufficient evidence of malice, we also conclude that the court did not err in refusing to grant the defendant's motion to direct a verdict on the first and second degree

murder charges, and did not err in failing to set aside the verdict on this ground. We also conclude that the given instructions dealing with malice were supported by the evidence and were properly given.

For the foregoing reason the final judgment of the Circuit Court of Harrison County is reversed and this case is remanded for a new trial.

*Reversed and remanded;*
*new trial awarded.*