327 S.E.2d 142

**STATE of West Virginia**

v.

**Robert Lee WADE.**

**No. 16398.**

Supreme Court of Appeals of
West Virginia.

Feb. 28, 1985.

Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

Robert H. McWilliams, Public Defender Corp., Second Judicial Circuit, Moundsville, for appellant.

McHUGH, Justice:

This case is before this Court upon the appeal of Robert Lee Wade, the appellant and defendant below, from two misdemeanor convictions in the Circuit Court of Marshall County for false swearing in violation of *W.Va. Code*, 61–5–2 [1931]. As a result, the appellant was sentenced to two concur-

rent terms of eight months in the county jail.

On August 9, 1983, the appellant was on work-release from the Marshall County jail where he was serving a sentence upon a conviction of larceny. The appellant was accused of having violated the conditions of his work-release program by going to an area of the county for which he did not have authorization.

The county prosecutor instituted proceedings in the Circuit Court of Marshall County to revoke the appellant's work-release privileges. At the hearing, the prosecution presented the testimony of a Moundsville police officer who stated that he observed the appellant riding a motorcycle in an area known as Taylor's Ridge shortly after 3 p.m. on August 9, 1983. The officer testified that he reported the sighting to the county jail at approximately 3:15 p.m. Another police officer testified that upon inquiry later in the day, the appellant admitted his presence on Taylor's Ridge that afternoon. The prosecution also presented the testimony of the director and an instructor of the organization where the appellant was receiving welding instruction as part of his work-release program. Both witnesses testified that they did not see the appellant during instruction that afternoon and that the appellant admitted to them the next day that he was present on Taylor's Ridge riding a motorcycle at the time in question. In his testimony, the appellant denied that he was riding a motorcycle that day on Taylor's Ridge and further stated that he did not leave his work-release instruction until sometime between 3:10 p.m. and 3:30 p.m. on the day in question. Those responses formed the basis of the two false swearing charges in an information filed by the prosecuting attorney. At the jury trial on the false swearing charges, the State introduced into evidence through the testimony of the prosecuting attorney the transcript of the work-release revocation hearing.

**I**

The main thrust of this appeal relates to the essential elements of the crime of false swearing under *W.Va.Code*, 61–5–2 [1931], and the sufficiency of the information. *W.Va.Code*, 61–5–2 [1931], provides:

> To wilfully swear falsely, under oath or affirmation lawfully administered, in a trial of the witness or any other person for a felony, concerning a matter or thing not material, and on any occasion other than a trial for a felony, concerning any matter or thing material or not material, or to procure another person to do so, is false swearing and is a misdemeanor.[1]

The appellant asserts that the information is insufficient because it failed to allege that the appellant's oath was "lawfully administered" and the legal authority of the person who administered such oath.

■ At common law, false swearing was considered to be a lesser included offense of the crime of perjury. *See generally* R. Perkins, *Perkins on Criminal Law* 454 (1969); *State v. Crowder*, 146 W.Va. 810, 123 S.E.2d 42 (1961); 70 C.J.S. *Perjury* § 1 (Cum.Supp.1984). As this Court noted in *Crowder*, "[e]ven though perjury and false swearing are separate and distinct offenses in the technical or legal sense for purposes of prosecution, both at common law and under the statutes of the various states, they are related, and in a popular meaning, sometimes considered synonymous." 146 W.Va. at 828, 123 S.E.2d at 53. Perjury is defined in *W.Va.Code*, 61–5–1 [1931], as follows: "To wilfully testify falsely, under an oath or affirmation lawfully administered, in a trial of the witness or any other person for a felony, concerning a material matter or thing, is perjury and is a felony...." As a result, our statutes defining the crimes of perjury and false swearing are to be read in *pari materia*. *Id.*, 146 W.Va. at 829, 123 S.E.2d at 54; *see State v.*

---

1. The penalty for false swearing is set forth in *W.Va.Code*, 61–5–3 [1931], as follows:

 [A] person convicted of false swearing shall be fined not more than one thousand dollars, and, in the discretion of the court, confined in jail not more than one year. And ... the person convicted shall be adjudged forever incapable of holding any office of honor, trust or profit in this State, or of serving as a juror.

*Justice,* 130 W.Va. 662, 44 S.E.2d 859 (1947), *cert. denied,* 333 U.S. 844, 68 S.Ct. 662, 92 L.Ed. 1128 (1948).

It is well accepted that the oath or affirmation of the declarant must be "lawfully administered" in order to be guilty of perjury or false swearing.

> Except for the very limited area of the declaration 'under the penalties of perjury,' there can be no conviction of this offense unless a lawful oath or affirmation had been duly administered to the defendant by one authorized to do so, and there can be no such authority unless the particular oath or affirmation is one required or authorized by law.

*Perkins, supra* at 457 (footnotes omitted). *See also United States v. Debrow,* 346 U.S. 374, 376, 74 S.Ct. 113, 115, 98 L.Ed. 92, 96–97 (1953); *Commonwealth v. Russo,* 177 Pa.Super. 470, 484, 111 A.2d 359, 365 (1955).

 It is, therefore, clear that a "lawfully administered" oath or affirmation is an essential element of the crimes of perjury, *W. Va. Code,* 61–5–1 [1931], and false swearing, *W. Va. Code,* 61–5–2 [1931]; and a "lawfully administered" oath or affirmation, as that phrase is used in *W. Va. Code,* 61–5–1 [1931], and *W. Va. Code,* 61–5–2 [1931], is an oath or affirmation authorized by law and taken before or administered by a tribunal, officer or person authorized by law to administer such oaths or affirmations.

We now turn to the sufficiency of the information. Both counts of the information charged the appellant as follows:

> That on or about the 15th day of August, 1983, in the County of Marshall, State of West Virginia, Robert Lee Wade, committed the offense of 'false swearing' by wilfully, knowingly and absolutely giving material false testimony under oath before the Circuit Court of

said county, which he did not believe and knew to be untrue. . . .

Count one of the information continued by setting forth the appellant's testimony from his work-release revocation hearing wherein the appellant testified that he did not leave his welding instruction until "somewhere between ten after three or 3:30." Count two of the information continued by quoting the appellant's testimony at the same hearing wherein the appellant specifically denied being on Taylor's Ridge during the afternoon in question or riding a motorcycle that day. Both counts contain a citation to *W. Va. Code,* 61–5–2 [1931].

Article III, section 14 of the Constitution of West Virginia provides, in part, that in "[t]rials of crimes, and misdemeanors, * * * the accused shall be fully and plainly informed of the character and cause of the accusation. . . ." Rule 7(c)(1) of the West Virginia Rules of Criminal Procedure implements the requirements of this constitutional provision.[2] *See generally* 1 C. Wright, *Federal Practice and Procedure* Criminal 2d § 125 (Supp.1983). With respect to the nature and contents of the charge contained in an indictment and information, Rule 7(c)(1) provides, in pertinent part: "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

 As a general rule, under *W. Va. R. Crim. P.* 7(c)(1), the body, charge or accusation contained in an information is to be judged by the same standards that determine the sufficiency of the body, charge or accusation of an indictment. *See Spratlin v. Solem,* 577 F.2d 56, 59 (8th Cir.1978); *Drown v. United States,* 198 F.2d 999, 1005 (9th Cir.1952), *cert. denied,* 344 U.S. 920, 73 S.Ct. 385, 97 L.Ed. 709 (1953); *Corson v. United States,* 147 F.2d 437 (9th Cir.1944); *Powers v. United States,* 128 F.2d 300, 301 (D.C.Cir.1942); *Geoates v.*

2. Article III, § 4 of the Constitution of West Virginia also provides that "[n]o person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury." *W. Va. R. Crim. P.* 7(a) implements this constitutional provision as follows: "An offense which may be punished by life imprisonment shall be prosecuted by indictment. Any other felony offense may be prosecuted by information if the indictment is waived. Any misdemeanor may be prosecuted by indictment or information. An information may be filed without leave of court."

*State*, 206 Ark. 654, 176 S.W.2d 919 (1944); *State v. Cantrell*, 64 Wyo. 132, 186 P.2d 539 (1947). *See generally* 42 C.J.S. *Indictments and Informations* § 81 (Cum.Supp. 1984).

■ We have held that "[a]n indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." Syl. pt. 3, *State v. Hall*, 172 W.Va. 138, 304 S.E.2d 43 (1983); *see* syl. pt. 1, *State v. Fairchild*, 171 W.Va. 137, 298 S.E.2d 110 (1982); syl. pt. 1, *State v. Trogdon*, 168 W.Va. 204, 283 S.E.2d 849 (1981); *State v. Eden*, 163 W.Va. 370, 256 S.E.2d 868, 878 (1979). However, as this Court held in syllabus point 2 of *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981): "An indictment charging a statutory offense need not use the precise language of the statute. It is sufficient if the indictment language is substantially equivalent to the statutory language."

■ In the matter now before us the language of the information in question substantially follows the statutory language of *W.Va.Code*, 61–5–2 [1931]. The charge of the information averred that the appellant "wilfully, knowingly and absolutely ... [gave] ... material false testimony under oath...." The information clearly informed the appellant of the nature and cause of the accusation against the appellant, contained the essential facts that constituted the charge and enabled him to prepare his defense. Under these circumstances, the absence of the words "lawfully administered" with regard to the oath is not fatal to the sufficiency of this information.

■ With respect to the appellant's argument that the information should have alleged the authority of the person who administered the oath to the appellant, it has been held that such an averment is not necessary to the validity of a charge of perjury in an indictment for violating the federal perjury statute. *See United States v. Debrow*, 346 U.S. at 377, 74 S.Ct. at 115, 98 L.Ed. at 97; *United States v. Perl*, 210 F.2d 457, 458 (2d Cir.1954); *see also Vuckson v. United States*, 354 F.2d 918, 922 (9th Cir.), *cert. denied*, 384 U.S. 991, 86 L.Ed.2d 1896, 16 L.Ed.2d 1007 (1966); *Nelson v. United States*, 288 F.2d 376, 377 (D.C.Cir.1961). Although the legal authorization of the person who administers the oath is part of the proof of a "legally administered" oath or affirmation for purposes of prosecuting the crimes of perjury and false swearing as defined above, it is a question of fact to be decided by a jury and is not essential to the sufficiency of an indictment or information charging the crimes of perjury or false swearing under our statutes. *See Brooks v. United States*, 240 F.2d 905 (5th Cir.1957). The trial court did not err when it denied the appellant's motion to dismiss both counts of the information.

## II

The appellant next asserts that the trial court erred when it denied the appellant's challenges for cause of two prospective jurors.

One prospective juror stated during individual *voir dire* that he knew prosecuting attorney and state witness Thomas E. White. That juror indicated that he and White had become acquaintances while growing up, that they had coincidentally jogged together on occasion and that they had conversed at various social gatherings. It was also revealed that the juror's wife worked for the private law office of two assistant prosecutors who were not involved with the appellant's actual prosecution before the jury,[3] however, upon further examination the trial court denied his challenge because the juror stated that he was not that closely acquainted with White and that he could render a fair and impartial verdict based solely upon the evidence.

Another prospective juror stated during individual *voir dire* that he was a close friend of the appellant's welding instructor

---

**3.** The record does indicate, however, that one of these assistant prosecutors represented the State in a hearing upon the various post-trial motions of the appellant.

who testified at the appellant's work-release revocation hearing. That juror stated that he was predisposed to believe the instructor's testimony, however, he further stated that such predisposition would not interfere with his ability to render a fair and impartial verdict based solely upon the evidence. The trial court denied the appellant's challenge for cause of that juror. The appellant used two of his peremptory challenges to remove the jurors from the panel.

In *State v. Beckett,* 172 W.Va. 817, 310 S.E.2d 883 (1983), we recently discussed the standards for disqualification of a prospective juror for cause based upon the juror's relationship with law enforcement or prosecutorial agencies or their employees. The Court in *Beckett* stated: "[T]he correct rule ... is that the employment of a prospective juror in a law enforcement or prosecutorial agency operates as a per se disqualification for cause if properly raised by counsel." 172 W.Va. at 823, 310 S.E.2d at 889. *See State v. Dye,* 167 W.Va. 652, 280 S.E.2d 323 (1981); *State v. West,* 157 W.Va. 209, 200 S.E.2d 859 (1973); *State v. Riley,* 151 W.Va. 364, 151 S.E.2d 308 (1966); *State v. Dushman,* 79 W.Va. 747, 91 S.E. 809 (1917). However, as this Court held in syllabus point 6 of *Beckett:*

> A prospective juror's consanguineal, marital or social relationship with an employee of a law enforcement agency does not operate as a per se disqualification for cause in a criminal case unless the law enforcement official is actively involved in the prosecution of the case. After establishing that such a relationship exists, a party has a right to obtain individual voir dire of the challenged juror to determine possible prejudice or bias arising from the relationship.

Furthermore, we held in syllabus point 3 of *State v. Pratt,* 161 W.Va. 530, 244 S.E.2d 227 (1978): "Jurors who on *voir dire* of the panel indicate possible prejudice should be excused, or should be questioned individually either by the court or by counsel to precisely determine whether they entertain bias or prejudice for or against either party, requiring their excuse." *See* syl. pt. 5, *State v. Beckett, supra;* syl. pt. 1, *State v. Simmons,* 171 W.Va. 722, 301

S.E.2d 812 (1983); syl. pt. 4, *State v. Audia,* 171 W.Va. 568, 301 S.E.2d 199, *cert. denied,* 464 U.S. 934, 104 S.Ct. 338, 78 L.Ed.2d 307 (1983); syl. pt. 4, *State v. Payne,* 167 W.Va. 252, 280 S.E.2d 72 (1981).

■ We have stated on numerous occasions that "[t]he true test as to whether a juror is qualified to serve on the panel is whether without bias or prejudice he can render a verdict solely on the evidence under the instructions of the court." Syl. pt. 1, *State v. Wilson,* 157 W.Va. 1036, 207 S.E.2d 174 (1974); *see* syl. pt. 6, *State v. Gum,* 172 W.Va. 534, 309 S.E.2d 32 (1983); syl. pt. 2, *State v. Bennett,* 172 W.Va. 131, 304 S.E.2d 35 (1983); syl. pt. 2, *State v. White,* 171 W.Va. 658, 301 S.E.2d 615 (1983); syl. pt. 4, *State v. Audia, supra;* syl. pt. 1, *State v. Neider,* 170 W.Va. 662, 295 S.E.2d 902 (1982); syl. pt. 3, *State v. Beck,* 167 W.Va. 830, 286 S.E.2d 234 (1981); syl. pt. 1, *State v. Kilpatrick,* 158 W.Va. 289, 210 S.E.2d 480 (1974); *see also* syl. pt. 2, *State v. Camp,* 110 W.Va. 444, 158 S.E. 664 (1931).

■ In the case now before us, although the appellant did not request additional individual *voir dire* of the two jurors, the trial judge examined each of the challenged prospective jurors concerning their possible prejudices. We are satisfied that the prospective jurors were not prejudiced or biased by their relationships. A more prudent course may have been to strike the prospective jurors, however, under the circumstances of this case, the trial court did not err when it denied the appellant's challenges for cause.

### III

■ The final issue before us is whether the State met its burden of proving beyond a reasonable doubt that the appellant's oath was administered by a person lawfully authorized to so do. It is fundamental that " '[i]n a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged.' Syl. pt. 4, *State v. Pendry,* [159] W.Va. [738], 227 S.E.2d 210 (1976) [*overruled, in part, on other grounds, Jones v.*

*Warden, West Virginia Penitentiary,* 161 W.Va. 168, 173, 241 S.E.2d 914, 916, *cert. denied,* 439 U.S. 830, 99 S.Ct. 107, 58 L.Ed.2d 125 (1978)]." Syl. pt. 5, *State v. Hodges,* 172 W.Va. 322, 305 S.E.2d 278 (1983).

At trial, the prosecuting attorney who sought revocation of the appellant's work-release privileges testified that he observed the appellant being sworn before testifying at the hearing. White also stated that the chief deputy circuit clerk of the county had administered the oath. The State then introduced into evidence the transcript of the work-release revocation hearing which indicates that the appellant was sworn prior to testifying at that hearing.

■ The State sufficiently met its burden through the testimony of the prosecuting attorney. *W.Va.Code,* 57–5–9 [1945], empowers a clerk of the circuit court to administer oaths as required by law. "Any oath or affidavit required by law, which is not of such a nature that it must be made otherwise or elsewhere may, unless otherwise provided, be administered by ... the clerk of any court...." *W.Va.Code,* 6–3–1(a)(1) [1971], provides for the appointment of deputies by the clerk of the circuit court and subdivision four of that same subsection further provides that "[e]ach deputy so appointed shall take the same oath of office required of his principal, and may, during his continuance in office, perform and discharge any of the official duties of his principal...." [4]

Based upon the foregoing, the judgment of the Circuit Court of Marshall County is hereby affirmed.

Affirmed.

---

**4.** In his petition for appeal, the appellant also alleged that the circuit court was without jurisdiction to revoke his work-release privileges, therefore, his subsequent prosecution for false swearing was a nullity. However, because the appellant failed to argue this point in his brief it will be considered waived. *See State v. Moran,* 168 W.Va. 688, 285 S.E.2d 450, 452 n. 1 (1981).