597 S.E.2d 321

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Morris David JACKSON, Defendant Below, Appellant.**

**No. 31427.**

Supreme Court of Appeals of West Virginia.

Submitted March 31, 2004.

Decided May 7, 2004.

Darrell V. McGraw, Jr., Attorney General, Colleen D. Ford, Assistant Attorney General, Charleston, for the Appellee.

Paul S. Detch, Lewisburg, for the Appellant.

PER CURIAM delivered the Opinion of the Court.

This is an appeal by Morris D. Jackson (hereinafter "Appellant") from his conviction following a jury trial in the Circuit Court of Monroe County. The Appellant contends that the lower court erred in failing to dismiss counts three and four of the indictment, and the Appellant seeks a new trial to include jury instructions on the meaning of "substantial injury." Subsequent to thorough review of the briefs, arguments of counsel, and applicable precedent, we affirm the Appellant's conviction.

## I. Factual and Procedural History

The Appellant and his wife, Beverly Jackson, are owners and operators of a private school offering religious and educational instruction to infant children in Alderson, West Virginia. Overnight supervision for young persons was provided by a daycare facility owned by Beverly Jackson. On April 19, 1999, the Appellant observed two boys, Alex and Michael B.,[1] ages nine and seven, respectively, looking into a file drawer in which tests were kept. The Appellant admits that he spanked the children for looking in the file drawer.

The children reported the Appellant's actions to their mother, Leona S., and criminal charges were brought against the Appellant. The Appellant was charged with two counts of malicious wounding, in violation of West Virginia Code § 61–2–9(a) (1978) (Repl.Vol. 2000), and two counts of abuse by a custodian, in violation of West Virginia Code 61–8D–3 (1996) (Repl.Vol.2000). The indictment specifically asserted that the Appellant had abused Alex and Michael "and by such abuse cause[d] bodily injury with substantial physi-

---

1. We follow our traditional practice in cases involving sensitive facts and use initials to identify the parties rather than their full names. *See In re Emily Amos B.*, 208 W.Va. 325, 329 n. 1, 540 S.E.2d 542, 546 n. 1 (2000); *In re Michael Ray T.*, 206 W.Va. 434, 437 n. 1, 525 S.E.2d 315, 318 n. 1 (1999).

cal pain in violation of Chapter 61, Article 8D, Section 3 of the West Virginia Code. . . ."

Dr. Marilyn Glaser examined one boy, Alex B., and testified that Alex had pain in his posterior neck and shoulders, pain in the left side of his jaw, and tenderness in his lower abdomen. She also found contusions and bruising, as well as swelling in the jaw and tenderness in the back. Alex testified that the Appellant had pulled him out of his chair, kicked him, slammed him into the doorknob three times, and hit him in the face with his fist.

Michael B. did not receive medical attention for his alleged injuries, and the State did not offer medical evidence concerning Michael's injuries at trial. During trial, Michael testified that the Appellant pulled him out of his chair by the shirt collar, dropped him to the floor, kicked him, slapped him in the face three times, and spanked him on the bottom, while yelling at him.

Prior to trial, the Appellant moved for dismissal of counts three and four, alleging child abuse by a custodian, based upon the alleged vagueness of the statute and the absence of a statutory or other definition of "substantial injury." The motion was never ruled upon by the lower court. On February 6, 2001, the Appellant was convicted of two felony offenses of child abuse by a custodian and a misdemeanor offense of assault on Michael B. as a lesser-included offense under the malicious wounding charge. The jury found the Appellant not guilty on the malicious wounding charges.

Subsequent to a September 17, 2001, sentencing hearing, the lower court sentenced the Appellant to fifty-five days for the assault count and concurrent sentences of one to five years, plus a fine of $1,000.00, for each of the two counts of child abuse by a custodian. The lower court suspended the sentence due to the Appellant's age and lack of significant criminal history and released the Appellant on two years probation under home confinement.

The Appellant appeals to this Court, contending that the lower court erred in failing to grant Appellant's motion to dismiss counts three and four on the grounds that the stat-ute is ambiguous in that it does not define "substantial injury." The State contends that this appeal is not properly before this Court since the lower court never actually ruled on the motion to dismiss. Thus, the State maintains that this appeal is more accurately characterized as an appeal of the lower court's denial of the Appellant's Motion for Directed Verdict of Acquittal on the two counts of child abuse by a custodian.

## II. Standard of Review

In syllabus point ten of *State v. Davis*, 176 W.Va. 454, 345 S.E.2d 549 (1986), this Court explained as follows:

" 'Upon motion to direct a verdict for the defendant, the evidence is to be viewed in light most favorable to prosecution. It is not necessary in appraising its sufficiency that the trial court or reviewing court be convinced beyond a reasonable doubt of the guilt of the defendant; the question is whether there is substantial evidence upon which a jury might justifiably find the defendant guilty beyond a reasonable doubt.' *State v. West*, 153 W.Va. 325, 168 S.E.2d 716 (1969)." Syl. pt. 1, *State v. Fischer*, 158 W.Va. 72, 211 S.E.2d 666 (1974).

This Court has also clearly articulated that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Consequently, upon the Appellant's assertion that the guiding statute is ambiguous in its presentation of definitions, we apply the *de novo* standard of review.

## III. Discussion

The Appellant premises this appeal upon his contention that the phrase "substantial injury" is inadequately defined by the statute governing this matter, West Virginia Code § 61–8D–3. The State correctly emphasizes, however, that the phrase "substantial injury," of which the Appellant complains, is not even in the statute. Specifically, West Virginia Code § 61–8D–3 provides as follows:

(a) If any parent, guardian or custodian shall abuse a child and by such abuse cause such child bodily injury as such term is defined in section one [§ 61–8B–1], article eight-b of this chapter, then such parent, guardian or custodian shall be guilty of a felony and, upon conviction thereof, shall be fined not less than one hundred nor more than one thousand dollars and committed to the custody of the division of corrections for not less than one nor more than five years, or in the discretion of the court, be confined in the county or regional jail for not more than one year.

(b) If any parent, guardian or custodian shall abuse a child and by such abuse cause said child serious bodily injury as such term is defined in section one, article eight-b of this chapter, then such parent, guardian or custodian shall be guilty of a felony and, upon conviction thereof, shall be fined not less than one thousand nor more than five thousand dollars and committed to the custody of the division of corrections not less than two nor more than ten years.

(c) Any person who abuses a child and by the abuse creates a substantial risk of serious bodily injury or of death to the child is guilty of a felony and, upon conviction thereof, shall be fined not more than three thousand dollars and confined to the custody of the division of corrections for not less than one nor more than five years.

"Bodily injury" is defined in West Virginia Code § 61–8B–1(9) (2000) as "substantial physical pain, illness or any impairment of physical condition." "Serious bodily injury" is defined in West Virginia Code § 61–8B–1(10) (2000) as "bodily injury which creates a substantial risk of death, which causes serious or prolonged disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ."

The Appellant's contentions regarding statutory definitions were not pursued when the lower court failed to rule on the motion to dismiss counts three and four, based upon the Appellant's assertions regarding ambiguity of statute. Further, the Appellant failed to raise any ambiguity or vagueness arguments or objections during discussion of jury instructions. In fact, the Appellant specifically approved the jury instruction as given [2] and did not raise any objection to it. Based upon this lack of preservation of alleged error, the State maintains that this conviction should be affirmed.

We have consistently declined to review matters not preserved for appellate contemplation. In *State v. Garrett,* 195 W.Va. 630, 466 S.E.2d 481 (1995), for instance, this Court explained as follows: "It is the responsibility of the parties to ensure that the record is preserved for our review. Indeed, appellant, as the moving party, must assume the burden of bringing his motion to the attention of the trial court. *State v. Moran,* 168 W.Va. 688, 691, 285 S.E.2d 450, 453 (1981)." 195 W.Va. at 642, 466 S.E.2d at 493. This Court held as follows in syllabus point two of *Crain v. Lightner,* 178 W.Va. 765, 364 S.E.2d 778 (1987): "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syllabus Point 2, *Sands v. Security Trust Co.,* 143 W.Va. 522, 102 S.E.2d 733 (1958). Syl. pt. 2, *Duquesne Light Co. v. State Tax Dept.,* 174 W.Va. 506, 327 S.E.2d 683 (1984), *cert. denied,* 471 U.S. 1029, 105 S.Ct. 2040, 85 L.Ed.2d 322 (1985).

This Court has occasionally found plain error [3] in the giving of an instruction, even where no objection was made to preserve the error. In *State v. Hutchinson,* 176 W.Va. 172, 342 S.E.2d 138 (1986), for instance, the defendant's counsel had not made an objection with regard to the failure to give a proper alibi instruction. On appeal, this Court considered whether the plain error

---

**2.** The instruction, as given to the jury, provided information regarding the entirety of West Virginia Code 61–8D–3, rather than limiting the instruction to the portion of 61–8D–3 under which the Appellant was actually charged in the indictment. Defense counsel explicitly stated that he had "no objection" to the instruction as given, including the referenced statutory definition of bodily injury. Counsel explained, "I believe the language on it is satisfactory, Your Honor."

**3.** The Appellant has not requested this Court's consideration of the plain error doctrine.

doctrine would be triggered by the failure to give a proper alibi instruction. In syllabus point two of *Hutchinson*, this Court explained:

> Although this Court may, under Rule 30 of the West Virginia Rules of Criminal Procedure, notice plain error in the giving of an erroneous instruction (in the absence of a proper and timely objection at trial), this Court will not ordinarily recognize plain error under such circumstances, even of constitutional magnitude, where the giving of the erroneous instruction did not substantially impair the truth-finding function of the trial.

In syllabus point seven of *State v. LaRock*, 196 W.Va. 294, 470 S.E.2d 613 (1996), this Court concisely described the appropriate usage of the plain error doctrine, as follows:

> An unpreserved error is deemed plain and affects substantial rights only if the reviewing court finds the lower court skewed the fundamental fairness or basic integrity of the proceedings in some major respect. In clear terms, the plain error rule should be exercised only to avoid a miscarriage of justice. The discretionary authority of this Court invoked by lesser errors should be exercised sparingly and should be reserved for the correction of those few errors that seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

196 W.Va. at 299, 470 S.E.2d at 618.

■ Based upon our review of the governing statute, this Court cannot discern any ambiguity with regard to the applicable statutory definitions or the instructions based thereon; we consequently need not determine whether the plain error doctrine would be applicable to the Appellant's assignment of error. In syllabus point two of *State v. Bartlett*, 177 W.Va. 663, 355 S.E.2d 913 (1987), this Court explained as follows: "A term which is widely used and which is readily comprehensible to the average person without further definition or refinement need not have a defining instruction." In *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970), this Court made the following observations regarding the issue of ambiguity:

> Ambiguity is a term connoting doubtfulness, doubleness of meaning or indistinctness or uncertainty of an expression used in a written instrument. It has been declared that courts may not find ambiguity in statutory language which laymen are readily able to comprehend; nor is it permissible to create an obscurity or uncertainty in a statute by reading in an additional word or words.

153 W.Va. at 718–19, 172 S.E.2d at 387. Any doubtfulness in this circumstance is created by the Appellant's own erroneous use of the phrase "substantial injury" which does not appear within the text of the primary governing statute or the statutes providing the definitions, as quoted above.

■ Although not raised by the parties, this Court's review of the record does reveal an anomaly worthy of brief reference. The charging document, in counts three and four, alleges that the Appellant abused the children "and by such abuse cause[d] bodily injury with substantial physical pain in violation of Chapter 61, Article 8D, Section 3 . . . ." Such charge, without explicitly stating such, presents a claim of violation of only 61–8D–3(a), regarding abuse resulting in bodily injury. Such charge does not specifically present a claim of violation of 61–8D–3(b) or 61–8D–3(c), regarding abuse resulting in serious bodily injury or creating a substantial risk of serious bodily injury or death. Despite the clarity of the charging document, the instruction, as approved by Appellant's counsel and provided to the jury, allows jury consideration of *both* abuse resulting in bodily injury *and* abuse resulting in serious bodily injury.

■ While it is technically inappropriate to allow jury consideration of a violation not included in the indictment, no objection was raised to the instruction regarding West Virginia Code § 61–8D–3 or to the specific inclusion of a definition of serious bodily injury. Furthermore, as this Court explained in syllabus point two of *State v. Mason*, 162 W.Va. 297, 249 S.E.2d 793 (1978), "Although it is established in this jurisdiction that the giving of an erroneous instruction raises a presumption of prejudice, it is an equally well established rule that this Court will not reverse a

criminal conviction because of an erroneous instruction where it clearly appears from the record that no prejudice has resulted." Even if the inclusion of the definition of serious bodily injury could potentially be characterized as error, the Appellant has not raised this issue. Furthermore, the jury verdict form indicated that the jury found the Appellant guilty of child abuse by a custodian causing bodily injury, as charged in the indictment. Thus, it appears that the Appellant was not prejudiced by the over-inclusiveness of the instruction. The Appellant has not assigned error on that basis, and we find no reversible error.

Based upon the foregoing, we affirm the decision of the lower court.

Affirmed.