# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 15-1119** (Ritchie County 09-F-22)

**Earl Edwin Ross II,**
**Defendant Below, Petitioner**

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Earl Edwin Ross II, by counsel James C. Clevenger, appeals the Circuit Court of Ritchie County's October 16, 2015, order sentencing him to a cumulative prison term of thirty-six years following his conviction on fifty-five counts of possessing material depicting minors in sexually explicit conduct. The State of West Virginia, by counsel Katlyn Miller, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to rule on his pre-trial motion to dismiss the indictment and that his sentence violated constitutional principles of double jeopardy.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2009, petitioner was indicted on fifty-five counts of possession of material depicting minors in sexually explicit conduct, West Virginia Code § 61-8C-3, based on his alleged possession of certain images.[1] Each count in the indictment listed a separate identification number for each of the fifty-five images petitioner allegedly possessed. Soon

---

[1]The statute under which petitioner was convicted (West Virginia Code § 61-8C-3) has since been amended. The version of West Virginia Code § 61-8C-3 in effect at the time of petitioner's crimes provides as follows:

> Any person who, with knowledge, sends or causes to be sent, or distributes, exhibits, possesses or displays or transports any material visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary not more than two years, and fined not more than two thousand dollars.

thereafter, petitioner filed a motion to dismiss the indictment, arguing that "possession" of the alleged material alone was not a crime.

Prior to a hearing on pre-trial motions, petitioner retained a new attorney, and his original attorney was relieved as counsel of record. Petitioner's retained attorney filed several pre-trial motions, but at no time did he seek a hearing or ruling on the previously filed motion to dismiss the indictment. In March of 2010, the circuit court held a pre-trial motions hearing. Neither party contends that petitioner raised his motion to dismiss the indictment at that time.[2]

In April of 2010, a jury trial commenced. At trial, the State presented evidence that petitioner possessed fifty-five separate images of minors engaged in explicit sexual conduct on a computer in July of 2007.[3] Petitioner was convicted of all fifty-five counts in the indictment.

Following trial but prior to sentencing, a new attorney was appointed for petitioner.[4] At the sentencing hearing in October of 2010, petitioner's new attorney argued that the circuit court should review and grant his pre-trial motion to dismiss the indictment. The State objected. Ultimately, the circuit court ruled that it would not review the motion to dismiss the indictment because either petitioner waived it by failing to request a pre-trial ruling or the motion was implicitly denied. Petitioner was sentenced to prison for a cumulative term of thirty-six years in prison. Petitioner was resentenced on October 16, 2015. This appeal followed.

We have previously held as follows:

"In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Syl. Pt. 1, *State v. Blevins*, 231 W.Va. 135, 744 S.E.2d 245 (2013). Additional standards of review will be discussed where necessary below.

On appeal, petitioner first argues that the circuit court erred in failing to review, hear, and rule upon his motion to dismiss the indictment. Petitioner argues that the circuit court violated

---

[2]The appendix record does not contain a transcript or order from the pre-trial motions hearing.

[3]The only portion of the trial transcript included in the appendix record is the testimony of the State's forensic digital analyst.

[4]We note that the circuit court judge presiding over petitioner's trial passed away before sentencing. A senior status judge was appointed thereafter.

Rule 12 of the Rules of Criminal Procedure by failing to rule on the motion before trial without finding good cause to defer the same. *See* W.Va. R. Crim. Proc. 12(e) (requiring rulings on pre-trial motions unless good cause found to defer such rulings). Petitioner also states, in passing, that the circuit court's failure to rule on the motion "violated [his] due process rights[.]" Respondent counters that petitioner's argument discounts this Court's long-standing holdings regarding a defendant's burden to bring pre-trial motions to the attention of the circuit court.

As noted by respondent, this Court has held that "[w]here trial counsel has filed a motion under Rule 12 of the West Virginia Rules of Criminal Procedure, the failure to press for a ruling on the motion prior to trial amounts to a waiver of the objections contained in the motion." Syl. Pt. 5, *State v. Bongalis*, 180 W.Va. 584, 378 S.E.2d 449 (1989). This Court has further explained that

> [d]efense counsel must assume the burden of bringing [pre-trial] motions to the attention of the trial court. If defense counsel desired a hearing on certain motions, they should have asked for one. As we said in *State v. Grimmer*, W.Va., 251 S.E.2d 780, 785 (1979): "When there is an opportunity to speak, silence may operate as a waiver of objections to error and irregularities at the trial which, if reasonably made and presented, might have been regarded as prejudicial." In the circumstances of this case, defense counsel's failure to demand a hearing as to certain of his pre-trial motions constitutes a waiver.

*State v. Moran*, 168 W.Va. 688, 691, 285 S.E.2d 450, 453 (1981).

In this case, we agree with respondent that petitioner failed to press the circuit court before trial for a ruling or hearing on his motion to dismiss the indictment. The circuit court held a pretrial motions hearing in March of 2010. There is no indication from the record on appeal, nor does petitioner contend, that he brought his motion to the attention of the circuit court or sought a ruling on his motion at that time or at any other time prior to trial. Following our review of the record on appeal, the parties' arguments, and pertinent legal authority, we find that petitioner waived his argument on this ground.

Further, to the extent petitioner raises a due process argument under his first assignment of error, he fails to support his arguments with any legal authority. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, the standard of review applicable, and *citing the authorities relied on . . . .*

(Emphasis added.) *See also State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 766, 656 S.E.2d 789, 795 (2007) (holding that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.]"); Syl. Pt. 2, in part, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973) (holding that "[o]n an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains"). Given the circumstances of this case, we find that petitioner has not sufficiently

3

satisfied his burden on appeal to trigger our appellate review of his motion to dismiss the indictment. However, assuming arguendo that petitioner properly raised the issue, it is clear that the record on appeal in this case would not support petitioner's alleged constitutional due process violation.

Petitioner's second assignment of error is that his conviction violated constitutional principles of double jeopardy. In addressing the petitioner's double jeopardy arguments, we note that our review is plenary: "a double jeopardy claim [is] reviewed *de novo*." Syl. Pt. 1, in part, *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996). The Fifth Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment, provides, in part, that no person "shall . . . be subject for the same offense to be twice put in jeopardy of life or limb[.]"*See State v. McGilton*, 229 W.Va. 554, 560 n. 8, 729 S.E.2d 876, 882 n. 8 (2012) (holding that "[t]he Double Jeopardy Clause of the Fifth Amendment of the Constitution of the United States is applied to the states by the Fourteenth Amendment."). Similarly, article III, section 5 of the West Virginia Constitution provides that no person in any criminal case shall "be twice put in jeopardy of life or liberty for the same offence." We have explained that "[t]he analysis of whether a criminal defendant may be separately convicted and punished for multiple violations of a single statutory provision turns upon the legislatively intended unit of prosecution." Syl. Pt. 4, *State v. Goins*, 231 W.Va. 617, 748 S.E.2d 813 (2013).

Here, petitioner was convicted of fifty-five separate counts of possessing material depicting minors in sexually explicit conduct based on fifty-five separate images contained on his computer. Without citing any case law in support, petitioner argues that he should have been convicted of one count, not fifty-five counts, because he possessed one computer containing all fifty-five images. As such, petitioner claims that his possession of a single computer containing those images constituted one unit of prosecution.

In the recent case of *State v. Shingleton*, ----W.Va.----, 790 S.E.2d 505 (2016), this Court considered a double jeopardy challenge to a defendant's conviction on twenty counts of possessing material depicting minors in sexually explicit conduct based on images found on his computer and flash drive.[5] In that case, this Court held that "each image constituted a separate violation of West Virginia Code § 61-8C-3 (2010). Accordingly, we find no violation of double jeopardy." *Id*. at ----, 790 S.E.2d at 523. In this case, petitioner does not dispute that each image sufficiently depicted a minor engaged in sexually explicit conduct. For the same reasons articulated in our holding in *Shingleton*, we find that each of the fifty-five images at issue herein constitute a separate violation of West Virginia Code § 61-8C-3. Consequently, we find no double jeopardy violation with respect to petitioner's convictions.

---

[5]The defendant in *Shingleton* was convicted under the 2010 version of West Virginia Code § 61-8C-3, which provides that "[a]ny person who, knowingly and willfully, sends or causes to be sent or distributes, exhibits, possesses, electronically accesses with intent to view or displays or transports any material visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony."

For the foregoing reasons, the circuit court's October 16, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** February 21, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker