399 S.E.2d 898

**STATE of West Virginia**

v.

**DONALD S.B.**

**No. 19499.**

Supreme Court of Appeals of West Virginia.

Nov. 30, 1990.

---

2. DR 7-104(A)(1) provides:

Beverly S. Selby, Asst. Pros. Atty., Charleston, for State of W.Va.

M. Joseph Thomas, St. Albans, for Donald S.B.

PER CURIAM:

The appellant, the State of West Virginia, appeals an order of the Circuit Court of Kanawha County entered on March 15, 1989, which granted the appellee, Donald S.B.,[1] a writ of habeas corpus, and set aside

---

**1.** Since the victim in this case is a small child, we shall follow our traditional practice in cases which involve sensitive facts and shall not use the last names of the parties involved. *See, e.g., State v. Edward Charles L.,* 183 W.Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n. 1 (1990); *State of*

his plea of guilty to first-degree sexual abuse. The appellant contends that the circuit court erred in allowing the appellee to withdraw his guilty plea after sentence had been imposed. We agree.

The appellee's guilty plea was a result of a plea agreement he had entered into with the appellant. Pursuant to that agreement, the appellee agreed to plead guilty to one count of first-degree sexual abuse, and the appellant agreed to stand silent on the issue of sentencing. On May 5, 1988, the appellee waived prosecution by indictment, and entered a plea of guilty to one count of first-degree sexual abuse. Following a presentence investigation, the circuit court sentenced the appellee on August 16, 1988, to a prison term of not less than one nor more than five years.[2]

The appellee subsequently retained a new attorney to represent him. On September 19, 1988, the appellee filed a motion to withdraw his guilty plea and vacate his sentence. The court agreed to treat the motion as a petition for a writ of habeas corpus as required by Rule 32(d) of the *West Virginia Rules of Criminal Procedure* and *W.Va.Code,* 53–4A–1.[3] The circuit court heard testimony in support of the motion on November 1, 1988.

Prior to the ruling on the habeas corpus petition, the appellee filed a motion for reconsideration of his sentence. In response to the appellee's motion to reconsider his sentence, the circuit court, without any objection from the appellant or the victim's mother, placed the appellee on probation for five years pursuant to an order dated December 22, 1988.

On January 12, 1989, the appellee filed a petition for a writ of habeas corpus with this Court, alleging, among other things, that his plea of guilty to the information presented by the appellant was not voluntary. We refused the writ by order dated January 17, 1989.

The appellee subsequently requested a hearing in circuit court on the petition for a writ of habeas corpus. A hearing was held on January 30, 1989.

By letter dated February 10, 1989, the appellee requested that the circuit court rule on the petition for a writ of habeas corpus. A stipulation, signed by both the appellant and appellee's counsel, was filed with the circuit court which stated that by entering the order dated December 22, 1988, reconsidering the appellee's sentence and placing him on probation, the circuit judge had considered the petition for a writ of habeas corpus to be moot.[4]

By order dated March 15, 1989, the circuit court granted the appellee's writ of habeas corpus and allowed the appellee to withdraw his guilty plea. It is from that order that the appellant now appeals.

The principal issue we shall address in this appeal is whether the circuit court erred in allowing the appellee to withdraw his guilty plea after sentence had been imposed. The appellant asserts that: (1) the appellee's plea was voluntary; (2) the appellee understood the criminal charge against him; and (3) there was no showing of manifest injustice. The appellee's primary contentions are that the information did not set forth the elements of the crime, and that the appellee did not understand the nature of the criminal charge against him at the time he pled guilty.

---

*West Virginia ex rel. Division of Human Services v. Benjamin P.B.,* 183 W.Va. 220, 222 n. 1, 395 S.E.2d 220, 222 n. 1 (1990).

**2.** Judge Leo Catsonis presided over all matters in this case until he left the Circuit Court of Kanawha County on December 28, 1988, after his defeat in the general election. All subsequent proceedings in the case were before Judge Tod Kaufman.

**3.** If a motion for withdrawal of a plea is made after sentence is imposed, Rule 32(d) provides

that the "plea may be set aside only on direct appeal or by petition under W.Va.Code § 53–4A–1."

**4.** At an additional hearing held on February 27, 1989, however, Judge Kaufman stated that he did not "feel bound" by Judge Catsonis' position in this case. Judge Kaufman stated that "looking at Judge Catsonis's [sic] position at the time period he was faced with this, it just seems very difficult to expect that he was able to focus in on all of these issues."

## I

First, we shall address whether the information presented by the appellant satisfied the requirements of Rule 7(c)(1) of the *West Virginia Rules of Criminal Procedure.* Rule 7(c)(1) provides, in relevant part, that "the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The rule further provides that the "information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated."

Furthermore, the information is to be judged by the same standards that determine the sufficiency of the body, charge or accusation of an indiction. *State v. Wade,* 174 W.Va. 381, 327 S.E.2d 142 (1985). As we stated in syllabus point 3 of *Wade:*

> 'An indictment [or information] for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based.' Syl. pt. 3, *State v. Hall,* 172 W.Va. 138, 304 S.E.2d 43 (1983).

The information presented by the appellant in the instant case is as follows:

> That, DONALD S. [B.], being a male person fourteen years old and older and she, Monicia [B.], being eleven years old and less on the 7th day of August, 1987, and prior to the filing of this Information, in the said County of Kanawha, unlawfully and feloniously subject the said Monicia [B.] to sexual contact, to-wit: by touching the female sex organ of the said Monicia [B.] by the said DONALD S. [B.], in violation of chapter [61], Article 8B, Section 7, West Virginia Code, 1931, as amended, against the peace and dignity of the State.

The language of the information substantially follows the statutory language of *W.Va.Code,* 61–8B–7, and sufficiently apprises the appellant of the sexual abuse charge against him.[5] The information clearly advises the appellant of the facts which gave rise to the charge of sexual abuse in that it specifically states that he subjected the victim to sexual contact "by touching the sexual organ" of the victim. Thus, there is no merit in the appellee's assertion that the information did not sufficiently advise him of the nature of the charge against him.

## II

Next, we shall consider whether the appellee understood the charge against him, and entered a voluntary plea of guilty to that charge. The procedure to be followed by a circuit court in accepting a plea of guilty was stated by this Court in syllabus point 4 of *Call v. McKenzie,* 159 W.Va. 191, 220 S.E.2d 665 (1975):

> Where there is a plea bargain by which the defendant pleads guilty in consideration for some benefit conferred by the State, the trial court should spread the terms of the bargain upon the record and interrogate the defendant concerning whether he understands the rights he is waiving by pleading guilty and whether

---

5. The appellee contends that the term "sexual gratification" was not included in the information nor was it explained to him. The term "sexual gratification" is not listed as an element of the offense of sexual abuse in *W.Va.Code,* 61–8B–7, but is included in the definition of the term "sexual contact" provided in *W.Va.Code,* 61–8B–1 [1976]. There is no provision under *W.Va.R.Cr.P.* 7(c)(1) which would require that the information include a definition of the term "sexual conduct." Furthermore, we recognized in *State v. Reed,* 166 W.Va. 558, 560, 276 S.E.2d 313, 316 (1981) that the term "sexual gratification" was plain and unambiguous on its face.

Moreover, the record shows that the appellee met with his defense attorney on several occasions prior to the date he entered his plea, and his defense attorney testified that after going over the case with the appellee on several occasions, he believed that the appellee understood the nature of the charge against him. The defense attorney, who was a friend of the appellee, testified that he "would not have proceeded further" if he had thought the appellee did not understand the nature of the charge of sexual abuse.

there is any pressure upon him to plead guilty other than the consideration admitted on the record.

■ Once the circuit court has accepted a plea of guilty and imposed a sentence, the guilty plea should not be set aside absent a showing of manifest injustice as we stated in syllabus point 2 of *State v. Olish,* 164 W.Va. 712, 266 S.E.2d 134 (1980): "Where the guilty plea is sought to be withdrawn by the defendant after sentence is imposed, the withdrawal should be granted only to avoid manifest injustice."

This Court explained the reasons for the application of the higher standard of review to post-sentence withdrawals of guilty pleas in *Olish:*

> First, once sentence is imposed, the defendant is more likely to view the plea bargain as a tactical mistake and therefore wish to have it set aside. Second, at the time the sentence is imposed, other portions of the plea bargain agreement will often be performed by the prosecutor, such as the dismissal of additional charges or the return or destruction of physical evidence, all of which may be difficult to undo if the defendant later attacks his guilty plea. Finally, a higher post-sentence standard for withdrawal is required by the settled policy of giving finality to criminal sentences which result from a voluntary and properly counseled guilty plea.
>
> [citation omitted]. 164 W.Va. at 716, 266 S.E.2d at 136.

■ It appears from the record that the appellee entered a voluntary plea of guilty to the charge of sexual abuse. Prior to his plea, the appellee was provided a copy of the information. The circuit court questioned whether the appellee had reviewed the information with his attorney, and the appellee advised the court that he had. The appellee entered into a written plea bargain with the appellant, and testified to the circuit court that the plea bargain agreement was entered into by him voluntarily.[6] The circuit court questioned the appellee on more than one occasion as to whether he understood the nature of the charge against him, and the appellee responded that he did.[7] The circuit court further questioned whether the appellee was satisfied with the services provided by his attorney, and the appellee responded that he was. Furthermore, the circuit court provided the appellee every opportunity at the hearing to withdraw his guilty plea.[8]

---

6. Pursuant to the plea bargain agreement, the State agreed to stand silent as to the appellee's sentencing.

7. Judge Catsonis asked the appellee the following questions:

THE COURT: Mr. [B.], in your own words tell me what you did that makes you feel you are guilty of the offense set forth in this information.

THE DEFENDANT: I took my three and a half year old daughter and put my hands on her body.

MR. WAGNER: On her female organs?

THE DEFENDANT: I passed over her female organs.

THE COURT: You did what?

THE DEFENDANT: I passed over my three and a half year old daughter's female organs.

THE COURT: On August 7, 1986?

THE DEFENDANT: Yes, sir.

8. Judge Catsonis, after questioning the appellee at great length as to whether he understood his rights and the legal effect of entering the plea, asked the following questions:

THE COURT: Do you have some problem with entering a plea of guilty to this charge?

THE DEFENDANT: No, I don't.

THE COURT: Because it is still not too late for you to withdraw your plea of guilty. Do you understand this?

THE DEFENDANT: Yes, I do.

THE COURT: I don't want you to have any reluctance about what you are doing here today, and if I detect that there is some reluctance on what you are doing I won't accept your plea of guilty to this information. Do you understand that?

THE DEFENDANT: I understand.

THE COURT: You have been giving me the appearance that you are not quite sure that this is what you want to do today, and I won't accept your guilty plea if you have got some reservation about this.

THE DEFENDANT: No, sir.

THE COURT: Do you have any reservation whatsoever?

THE DEFENDANT: No, I don't.

THE COURT: Have you got any questions that you want to resolve before I continue this and adjudicate you guilty upon your written and your oral plea of guilty to this information?

THE DEFENDANT: No, sir, I don't.

In the instant case, it is clear that the circuit judge erred when he allowed the appellee to withdraw his guilty plea after sentencing was imposed. There was no evidence that the appellee entered his plea of guilty involuntarily or that he did not understand the charge against him. Furthermore, no manifest injustice has been shown. Accordingly, the order of the Circuit Court of Kanawha County dated March 15, 1989, granting the writ of habeas corpus and setting aside the appellee's guilty plea is reversed.

Reversed.