460 S.E.2d 499

**RONNIE R., Petitioner Below, Appellant,**

**v.**

**George TRENT, Warden, and/or Donald Meadows, Sheriff of Mercer County, Respondents Below, Appellees.**

No. 22703.

Supreme Court of Appeals of West Virginia.

Submitted May 16, 1995.

Decided July 17, 1995.

R. Thomas Czarnik, Princeton, for appellant.

Silas B. Taylor, Sr. Deputy Atty. Gen., Charleston, for appellees.

PER CURIAM:

This is an appeal by Ronnie R. (hereinafter "the Appellant")[1] from a March 10, 1994, order of the Circuit Court of Mercer County denying a post-conviction habeas corpus petition. The Appellant alleges various errors including ineffective assistance of counsel and insufficient funding of the Public Defender's Office. We find no error by the lower court in denying the post-conviction relief and affirm its decision.

I.

The Appellant was convicted in August 1992 of six counts of first degree sexual assault, three counts of second degree sexual assault, and three counts of child sexual abuse. The Appellant and his wife had three children, the oldest of whom was allegedly sexually abused by his father from age six to age eleven. Subsequent to the guilty verdict and presentence investigation, the Appellant was sentenced to fifteen to twenty-five years on each of counts one through six and one to five years on each of counts seven through twelve, culminating in an indeterminate sentence of sixteen to thirty years.

The Appellant filed post-trial motions alleging that trial counsel had failed to utilize evidence which could potentially have been favorable to the Appellant. During an evidentiary hearing on such motions, the Appellant asserted that trial counsel had failed to offer an instruction regarding the uncorroborated testimony of the victim. The lower court ruled that there had been no showing that such an instruction would have made a difference to the decision of the jury and found that the Appellant "received a fair trial with adequate representation under the circumstances."

The Appellant also stated in his post-trial motions that the State had suppressed evidence which allegedly existed regarding an investigation by the Department of Health and Human Services (hereinafter "DHHR") in which the victim son had allegedly informed DHHR that he had not been sexually abused. Counsel for the State denied that any such evidence existed, and no such exculpatory evidence has yet been identified by either the Appellant or the State.

Post-trial motions were denied, and an appeal to this Court was also denied. A habeas corpus petition was thereafter filed challenging the conviction on generally the same grounds as those alleged in the post-trial motions.[2] The habeas petition also request-

---

1. Because the victim in this matter is a young child, we follow our traditional practice in cases involving sensitive facts and use only the last initials of the parties involved. *See, e.g., State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

2. The Appellant recited numerous issues allegedly constituting ineffective assistance of counsel. The Appellant contends that counsel erred by failing to introduce evidence that the Appellant had gonorrhea from 1986 through 1988; failed to challenge the medical credentials of a testifying practitioner; failed to adduce evidence of an alleged interview of the victim son by DHHR; failed to investigate the potential testimony of witnesses who were not called by the State; failed to introduce the fact that the Appellant had raised the claim that he was the primary caretaker of the children during divorce proceedings; failed to offer an instruction on uncorroborated testimony of an alleged victim; failed to call credibility witnesses on behalf of the Appellant; failed to adequately prepare the Appellant for cross-examination; failed to object to the lack of specificity of the indictment; failed to compel introduction of the victim's medical records; failed to request a psychological examination of the victim; failed to conduct effective cross-examination of the State's witnesses; and failed to seek to limit the State's witnesses. The Appellant

ed the lower court to take judicial notice that the Public Defender's Office for Mercer County was underfunded and lacked an investigatory staff to adequately assist attorneys. By order dated March 10, 1994, the lower court concluded that the Appellant had not proven ineffective assistance of counsel. The lower court also found that the funding of the Public Defender's Office did not affect the Appellant's defense and that the Public Defender's Office was not inadequately staffed, did not have an excessive caseload during the Appellant's case, and did not inadequately prepare for the Appellant's case. The Appellant now appeals that determination of the lower court.

## II.

▬ The Appellant maintains that trial counsel ineffectively assisted him and advances numerous examples of this alleged ineffectiveness. With regard to a claim of ineffective assistance of counsel, we explained the following in syllabus point five of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (W.Va.1995):

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

194 W.Va. at 3, 459 S.E.2d at 117, Syl. Pt. 5.

We also explained the following in syllabus point six of *Miller:*

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at

the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

194 W.Va. at 16, 459 S.E.2d at 128, Syl. Pt. 6.

## III.

With regard to the Appellant's contention that trial counsel should have offered an instruction on uncorroborated testimony of a victim and the necessity to view such testimony with care and caution, this Court has held that failure to give such an instruction is reversible error where the testimony of the prosecuting witness is uncorroborated. *State v. Payne*, 167 W.Va. 252, 280 S.E.2d 72 (1981); *State v. Garten*, 131 W.Va. 641, 49 S.E.2d 561 (1948).[3]

The necessity of a jury instruction informing the jurors that uncorroborated testimony of a victim should be scrutinized was initially discussed in *State v. Perry*, 41 W.Va. 641, 24 S.E. 634 (1896), as follows:

> In the trial of all felony cases, the jury should scrutinize the testimony of all contradicted and uncorroborated witnesses with care and caution. This instruction propounds a general principle of law, is unobjectionable, and should have been given, as it leaves the weight of the testimony entirely with the jury, and relates only to the proper discharge of the duty they owe to the accused and the state alike.

*Perry*, 41 W.Va. at 651–52, 24 S.E. at 638.

In *Payne*, we concluded that the "care and caution" instruction was necessary because the defendant was the only person who could have contradicted the prosecuting witness, and the defendant, due to other errors at trial, was effectively precluded from testifying. *Id.* at 261, 280 S.E.2d at 78. Moreover, the identification of the defendant by the

---

having also raised these issues on appeal, we address each of them in this opinion.

**3.** In *Edward Charles L.*, we specified that uncorroborated testimony of a child victim of sexual

abuse was sufficient to support a conviction. 183 W.Va. at 659, 398 S.E.2d at 141. We did not, however, address the specific issue of the necessity of a "care and caution" instruction with regard to the uncorroborated testimony.

prosecuting witness in *Payne* was questionable because (1) the victim did not see her attacker until they were in a shaded area, and (2) the description she initially gave was inconsistent with the defendant's physical appearance. *Id.* at 260, 280 S.E.2d at 77.

In the present case, the identification of the defendant, as the father of the victim, is not in issue. This case is also distinguishable from *Payne* because the defendant in this case did testify. The decision of this Court in *Payne* was founded to some extent upon the fact that the defendant, due to trial court error, was unable to testify. *Id.* at 261, 280 S.E.2d at 78. We also noted in *Payne* that the use of this instruction should not be deemed mandatory in every uncorroborated testimony case, explaining as follows:

We think that this type instruction may be appropriate in cases where the State's case rests largely upon the uncorroborated identification testimony of a witness. The instruction may also be modified to fit the circumstances of any other type of case involving identification testimony where, in the trial judge's discretionary opinion, the giving of such an instruction would aid the jury. We emphasize that we are not here mandating the use of this type instruction in every case involving identification testimony. Rather, we note that this type instruction *may* be proper in cases where the identification testimony is uncorroborated.

167 W.Va. at 263, 280 S.E.2d at 79 (emphasis added).

■■■ We conclude that while the "care and caution" instruction may have been applicable in the present case, its use was not mandatory, and trial counsel's failure to propose it was harmless error. As we explained in syllabus point nineteen of *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974), "proved counsel error which does not affect the outcome of the case" is to be considered harmless error. 157 W.Va. at 643, 203 S.E.2d at 449, Syl. Pt. 19. We also emphasize that "[o]ne who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, must prove the allegation by a preponderance of the evidence." *Id.*, Syl. Pt. 22. As referenced

above, a party advancing a claim of ineffective assistance of counsel must also prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Miller*, 194 W.Va. at 14, 459 S.E.2d at 126, Syl. Pt. 5. We discern no reasonable possibility that the omission of the instruction in the case sub judice affected the jury's conclusion. The jury was adequately instructed concerning its role as determiner of the credibility of the witnesses and the weight to be given each witness. Furthermore, the jury was instructed regarding the Appellant as follows:

The Defendant is a competent witness in his own behalf, and you should not disregard or disbelieve his evidence in whole or in part solely because he is on trial charged with a crime. It is the duty of the jury to give his evidence the same careful and thorough consideration as the evidence of other witnesses, and to weigh his evidence by the same rules as you weigh the evidence of other witnesses, and to give to his evidence such weight and credit as you believe it is entitled to receive.

The jury had before it detailed testimony of the child victim regarding the acts of sexual abuse perpetrated upon him by his father for over five years. The victim provided specific examples of his father's penetration of his mouth and anus, explaining that his father forced him to engage in this behavior while his mother was not present. While more prudent counsel may have suggested an instruction regarding the uncorroborated testimony of a victim, we find this omission to be harmless in this instance.

### IV.

■■■ The Appellant also contends that his counsel should have introduced medical records indicating that the Appellant had gonorrhea from 1986 through 1988 and that the victim, when tested in October 1991, had no sexually transmitted diseases. The Appellant testified at trial that he had gonorrhea in 1986. However, his medical records, not in-

troduced by trial counsel,[4] indicated that the Appellant had been treated for *possible* gonorrhea in April 1988 and that testing one week later indicated no gonorrhea. Moreover, the Appellant had no access to the victim during the time he allegedly had gonorrhea, since the Appellant and his wife were separated during this time for two months, with the wife having custody of the children. It was during this two-month separation that the Appellant allegedly contracted the gonorrhea and sought medical attention. By the time the Appellant had access to the victim again, the gonorrhea was no longer present. Thus, the fact that the victim son did not have gonorrhea over three years later is of no probative value, and trial counsel's failure to introduce medical records indicating *possible* gonorrhea for one week in 1988 does not constitute ineffective assistance of counsel.

■ The Appellant also asserts that trial counsel erred by failing to challenge the medical credentials of the State's medical expert, Dr. William C. Byrd, who testified regarding repeated anal intercourse and its physical effect on a victim. The Appellant presents this Court with no evidence[5] that Dr. Byrd was incompetent or that his testimony could have been challenged or limited in any manner. Moreover, Dr. Byrd's testimony was actually favorable to the Appellant in that he explained that there were absolutely no physical findings of sexual abuse in his October 1992 examination of the victim.

■ The Appellant further suggests that trial counsel should have introduced evidence of an alleged interview of the victim by DHHR. However, no evidence existed or currently exists regarding this alleged inter-

view. During the habeas corpus hearing, trial counsel testified that he was informed by the Appellant's sister prior to submission of the case to the jury that a representative of either DHHS or some other state agency had told her that the victim had been interviewed and had not reported any sexual abuse by his father.[6] At the time this potential evidence was revealed to trial counsel, both sides had rested, and trial counsel's failure to seek reopening based upon this unverified information does not constitute error. Furthermore, the Appellant's sister was not called as a witness in the habeas corpus hearing, and no further evidence of this alleged interview has been produced to date.

■ The Appellant also asserts that trial counsel was inept in his failure to seek a "prompt complaint" instruction. There is no authority in West Virginia for an instruction advising the jury that the testimony of the victim is to be viewed with skepticism where a prompt complaint of rape or abuse was not made. The "prompt complaint" rule in West Virginia has been applied to permit a witness to "testify that a victim of sexual assault complained of the assault soon after its occurrence." *State v. Murray*, 180 W.Va. 41, 46, 375 S.E.2d 405, 410 (1988). That principle has not been expanded to include an entitlement to any particular instruction in a situation in which the victim did not make a "prompt complaint" concerning the alleged activity, and we decline to make such an expansion at this time.[7]

■ The Appellant also complains that trial counsel failed to call witnesses to testify regarding the Appellant's character, pursu-

**4.** Trial counsel had previously obtained the Appellant's medical records indicating that he had been treated for possible gonorrhea in April 1988. This medical information apparently became part of the record during the habeas corpus proceedings below.

**5.** No medical or legal evidence was presented below, nor has this Court been provided with any evidence, that Dr. Byrd was incompetent. During his trial testimony, Dr. Byrd explained that he was a medical doctor practicing in Motoaka, West Virginia, having obtained his medical degree from West Virginia University in 1983. Upon the prosecuting attorney's tender of the witness for further voir dire, trial counsel for the

Appellant stated that there were no objections to Dr. Byrd's qualifications. The Appellant makes no specific complaint concerning the qualifications of Dr. Byrd and only alleges generally that Dr. Byrd was not shown to be competent to testify.

**6.** The victim was allegedly interviewed in connection with a DHHR investigation of allegations that the Appellant had sexually abused his niece.

**7.** Furthermore, it seems unlikely that an instruction such as the Appellant now seeks would be appropriate in cases involving child sexual abuse.

ant to Rule 608(a) of the West Virginia Rules of Evidence.[8] Two handwritten testimonials were introduced at trial, one by the Appellant's mother and another by the Appellant's employer. When questioned at the habeas corpus hearing regarding availability of additional character witnesses, the Appellant suggested other former employers who could possibly have testified regarding the Appellant's reputation as a good employee and diligent worker. Such evidence would not have been admissible to specifically demonstrate the Appellant's "character for truthfulness or untruthfulness" under Rule 608(a) since the testimony would only have addressed the Appellant's work history and reliability. Moreover, based upon Rule 403 of the West Virginia Rules of Evidence, the lower court may not have permitted introduction of additional character evidence based upon the fact that the Appellant's trial counsel had already offered two testimonials concerning the Appellant's character.[9]

 The Appellant also asserts that trial counsel failed to adequately prepare defense witnesses, including the Appellant and Chris Barton,[10] for their direct and cross examinations. However, trial counsel testified at the habeas corpus hearing that he had spoken with his client on several occasions prior to trial, discussing the types of questions to be addressed. Trial counsel also explained that he did not rehearse the specific testimony with the witnesses due to his recognition that such rehearsal often leads to testimony which appears staged and unbelievable. The Appellant has offered no examples of any specific failure of trial counsel in advising his client or Mr. Barton, nor has he demonstrated any particular prejudice allegedly created thereby.[11]

 The Appellant also suggests that trial counsel should have objected to the indictment's lack of specificity. We find no error in failure to offer such an objection. As we explained in syllabus point three of *State v. Donald S.B.*, 184 W.Va. 187, 399 S.E.2d 898 (1990):

> " 'An indictment [or information] for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based.' Syl. pt. 3, *State v. Hall*, [172] W.Va. [138], 304 S.E.2d 43 (1983)." Syl. pt. 3, *State v. Wade*, 174 W.Va. 381, 327 S.E.2d 142 (1985).

184 W.Va. at 188, 399 S.E.2d at 899, Syl. Pt. 3.

We have also consistently acknowledged the "body of law suggesting that omission of a date is not fatal to an indictment unless a statute of limitations applies or unless time enter into the essence of the offense." *State v. Hensler*, 187 W.Va. 81, 84 n. 1, 415 S.E.2d 885, 888 n. 1 (1992); *see State v. Chaffin*, 156 W.Va. 264, 192 S.E.2d 728 (1972).

 The Appellant also asserts that his sentence was excessive, comparing his sentence to that of an individual upon a verdict of guilty, with mercy. As we explained in syllabus point two of *State v. Farmer*, 193 W.Va. 84, 454 S.E.2d 378 (1994),

---

8. Rule 608(a) of the West Virginia Rules of Evidence provides as follows:

 (a) *Opinion and Reputation Evidence of Character.*—The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness; and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

9. Rule 403 provides as follows: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, *or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.*"

10. Chris Barton, a friend of the victim who occasionally spent the night at the Appellant's home, testified that he did not witness any abuse.

11. Chris Barton, when questioned subsequent to the post-trial motion to set aside the verdict, was unable to articulate any evidence which could have been presented had he been more thoroughly prepared. Mr. Barton was not called as a witness in the habeas corpus hearing in the lower court.

" '[s]entences imposed by the trial court, if within statutory limits and if not based on some unpermissible factor, are not subject to appellate review.' Syl. pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." In this case, the Appellant could have been sentenced to 138 years in prison, if all sentences were served consecutively. We do not find the Appellant's indeterminate sentence of sixteen to thirty years excessive.[12]

Upon review of the record and the arguments of counsel, we conclude that the Appellant did not receive ineffective assistance of counsel, that he was not prejudiced by any lack of resources of the Public Defender's Office, and that his sentence was not excessive. Accordingly, we affirm the decision of the lower court.

Affirmed.

BROTHERTON and RECHT, JJ., did not participate.

MILLER, Retired J., sitting by temporary assignment.

FOX, J., sitting by temporary assignment.

---

**12.** The Appellant also complains that trial counsel should have investigated the substance of the expected testimony of two individuals listed by the State as potential witnesses. However, because the State did not call those individuals as witnesses, any imprudence in failing to ascertain the focus of their expected testimony did not prejudice the Appellant.

The Appellant asserts also that trial counsel failed to introduce evidence that the Appellant had raised the claim that he was the primary caretaker of the children during the divorce action. However, at the time the accusation of sexual abuse was leveled against the Appellant, the divorce action was not yet pending. Thus, any insinuation that the Appellant's wife may have directed the victim to lie about the abuse for possible gain in the divorce or custody action would appear groundless.

The Appellant also presents this Court with allegations of ineffective assistance due to trial counsel's manner of cross-examining witnesses, failure to demand a psychological examination of the victim, and failure to limit the evidence presented by the State. Having evaluated these claims, we also find them meritless.

The Appellant also puts forward the broad assertion that trial counsel should have more aggressively investigated the case to potentially produce more favorable evidence. However, the Appellant presents no evidence which could have been discovered and used to his advantage at trial. We find this assignment of error meritless.