# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Marty B.,**
**Petitioner Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)      No. 13-0008** (Fayette County 12-C-317)

**Patrick Mirandy, Warden, St. Mary's Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marty B.,[1] appearing *pro se*, appeals the order of the Circuit Court of Fayette County, entered December 18, 2012, that denied his petition for writ of habeas corpus. Respondent Warden, by counsel Benjamin F. Yancey III, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was charged with three counts of sexual abuse in the first degree and three counts of sexual abuse by a parent, guardian, or custodian. The charges alleged inappropriate sexual conduct with petitioner's daughter, R.S.B., in 1998, 2002 and 2004. R.S.B. was eleven years old in 1998. R.S.B. did not report her alleged abuse until 2005. R.S.B. stated that she was afraid of petitioner and finally told what happened because her mother was very ill and could have died, and R.S.B. did not want to be left alone with petitioner. Petitioner denied the allegations and asserted that his daughter fabricated the allegations because she was a rebellious teenager, who did not want to live by parental rules. The State rested its case upon R.S.B.'s testimony as it presented no physical evidence at trial. A jury convicted petitioner on all charges, and he was sentenced to eleven to twenty-five years in prison. Petitioner subsequently filed a direct appeal in this Court which refused his petition.

On October 12, 2012, petitioner filed a petition for writ of habeas corpus that alleged that all six counts of the indictment were fatally flawed because they failed to allege that his touching

---

[1] Because of sensitive facts, we protect the identities of those involved. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

1

of R.S.B. was intentional. In its December 18, 2012 order that denied the petition, the circuit court noted that petitioner based his argument on West Virginia Code § 61-8B-1, the definitions section of chapter 61, article 8B of the West Virginia Code.[2] West Virginia Code § 61-8B-1(6) defines "sexual contact" as various types of "intentional touching." The circuit court further noted that petitioner was not charged under West Virginia Code § 61-8B-1(6). Rather, petitioner was charged under West Virginia Code § 61-8B-7, delineating the offense of sexual abuse in the first degree,[3] and under West Virginia Code § 61-8D-5, delineating the offense of sexual abuse by a parent, guardian, or custodian.[4]

The circuit court then noted that the counts of the indictment charging petitioner with sexual abuse in the first degree provided, in pertinent part, as follows:

> That **MARTY [B.]** did unlawfully and feloniously subject R.S.B. to sexual contact without her consent by touching her breasts [and vagina] with his hand for his own sexual gratification, the said MARTY [B.] not being married to the said R.S.B., and the lack of consent was the result of forcible compulsion, against the peace and dignity of the State.
>
> [Citing] W.Va. Code § 61-8B-7(a)(1).[[5]]

---

[2] All citations reference the 1998 version of West Virginia Code § 61-8B-1.

[3] At the time of petitioner's offenses, West Virginia Code § 61-8B-7 provided, in pertinent part, that "(a) A person is guilty of sexual abuse in the first degree when: (1) Such person subjects another person to sexual contact without their consent, and the lack of consent results from forcible compulsion [.]" W.Va. Code § 61-8B-7(a)(1) (1998).

[4] At the time of petitioner's offenses, West Virginia Code § 61-8D-5(a) (1998) provided, in pertinent part, as follows:

> If any parent, guardian or custodian of a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, notwithstanding the fact that the child may have willingly participated in such conduct, or the fact that the child may have consented to such conduct or the fact that the child may have suffered no apparent physical injury or mental or emotional injury as a result of such conduct, then such parent, guardian or custodian shall be guilty of a felony[.]

[5] One count alleged that petitioner touched R.S.B.'s breasts, while the other two counts alleged that petitioner touched both her breasts and vagina.

(Emphasis in original.)

The counts of the indictment charging petitioner with sexual abuse by a parent, guardian, or custodian provided, in pertinent part, as follows:

> That [MARTY B.] did unlawfully and feloniously engaged in sexual contact with R.S.B., a child, by touching her breasts [and vagina] with his hand for his own sexual gratification while the said R.S.B. was in the care, custody or control of MARTY [B.], the parent of R.S.B., the said MARTY [B.] not being married to the said R.S.B., against the peace and dignity of the State.
>
> [Citing] W.Va. Code § 61-8D-5.[6]

The circuit court determined that the counts of the indictment either "track[ed]" or "nearly mirror[ed]" the respective statute under which petitioner was charged for that count. Accordingly, the circuit court found the indictment sufficient and denied the petition. Petitioner now appeals the circuit court's December 18, 2012, order.

We review the circuit court's order denying a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).[7] Also, "[g]enerally, the sufficiency of an indictment is reviewed *de novo*." Syl. Pt. 2, in part, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996).

On appeal, petitioner argues that the indictment was fatally flawed because it failed to allege that his touching of R.S.B. was intentional. Respondent counters that the indictment closely

---

[6] Again, one count alleged that petitioner touched R.S.B.'s breasts, while the other two counts alleged that petitioner touched both her breasts and vagina.

[7] *See also* Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973) ("A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.").

tracks the language of the statutes under which petitioner was charged, and, as such, petitioner's argument is frivolous. Respondent is correct. First, in *State v. Donald S.B.*, 184 W.Va. 187, 190, 399 S.E.2d 898, 901 (1990), this Court determined that an information charging sexual abuse in the first degree was sufficient because it "substantially follow[ed] the statutory language."[8] Second, petitioner's argument fails by its own terms. In the counts alleging sexual abuse in the first degree, and in the counts alleging sexual abuse by a parent, guardian, or custodian, the indictment used the term "sexual contact." As petitioner notes, "sexual contact" is defined as various types of "intentional touching."[9] Accordingly, this Court concludes that petitioner's argument is without merit and that the circuit court did not abuse its discretion in denying the petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[8] The standard for determining the sufficiency of an information or an indictment is the same. *See State v. Donald S.B.*, 184 W.Va. 187, 190, 399 S.E.2d 898, 901 (1990).

[9] While West Virginia Code § 61-8D-5 is in chapter 61, article 8D of the Code, it uses the same definition of "sexual contact" pursuant to West Virginia Code § 61-8D-1(8). This was also true at the time of petitioner's offenses.