# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 13-0997** (Mason County 10-F-36)

**Jacob Colby Spradlin,**
**Defendant Below, Petitioner**

**FILED**

November 21, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jacob Colby Spradlin, by counsel Dana F. Eddy and Lori Walker, appeals the order of the Circuit Court of Mason County, entered on January 10, 2010, subsequent to which he was sentenced to serve one to five years in the state penitentiary, followed by a term of fifty years of supervised release as a registered sex offender, upon his entry of a plea of guilty to the charge of sexual assault in the third degree.[1] Petitioner filed this challenge to the legality of his criminal conviction after he served his initial term of incarceration then had supervised release discontinued for failure to comply with its terms, resulting in a sentence of a term of thirty years in the state penitentiary by order entered on May 31, 2013. Respondent State of West Virginia appears by counsel Laura Young.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.[2]

---

[1] Petitioner's brief was filed by attorney Duane C. Rosenlieb of West Virginia Public Defender Services. Mr. Rosenlieb has since left that agency, and Mr. Eddy and Ms. Walker, also of West Virginia Public Defender Services, filed a motion for substitution of counsel on October 1, 2014, and a notice of appearance on October 6, 2014. The motion for substitution of counsel is hereby granted.

[2] Petitioner filed his "Motion for Abeyance" on September 12, 2014, arguing generally that counsel reviewed the record and "became seriously concerned that [petitioner] may have cognitive disabilities which would impair his ability to exercise his constitutional right to participate in prosecuting his own appeal." We note that petitioner's motion is not supported by citation to the record on appeal. In any event, petitioner's mental status was adequately addressed in the parties' briefs, and a sufficient history of petitioner's cognitive evaluations is contained in the appendix record on appeal. Based on our thorough review of the record before us, we hereby deny petitioner's motion.

1

Petitioner pled guilty by way of information,[3] at the age of nineteen, in January of 2010 to sexual assault in the third degree based on conduct that occurred in 2004.[4] (In exchange for his plea, the State dismissed a juvenile petition that asserted petitioner committed sexual assault in the second degree and attempted sexual assault in the third degree in 2008.[5]) During his plea colloquy, petitioner affirmed that he understood the elements of the offense and the penalty. He acknowledged past drug and mental problems, but denied being under the influence of drugs or the care of a mental health physician. At the plea hearing, the court stated:

> Jacob Colby Spradlin, this information charges the felony offense of sexual assault in the third degree. Furthermore, it states that this occurred on the blank day of blank 2004 in Mason County, West Virginia, and you committed this offense by engaging in sexual intercourse with a person with the initials A.C., who was less than sixteen years old and at least four years younger than you, and to whom you were not married, your being sixteen years or older. What is your plea to that charge?

Petitioner affirmed his plea of guilty, and inherently the court's statement that he was "sixteen years or older" at the time of the offense, though petitioner would have been thirteen years old

---

[3] An "information" is a charging instrument "filed by the prosecutor in lieu of a presentation of the case to the grand jury." *State v. Kimberly S.*, 233 W.Va. 5, __, 754 S.E.2d 581, 583 (2014). According to Rule 7(a) of the West Virginia Rules of Criminal Procedure, any offense other than "[a]n offense which may be punished by life imprisonment . . . may be prosecuted by information if the indictment is waived." Petitioner acknowledged his waiver of the indictment.

[4] West Virginia Code § 61-8B-5 ("sexual assault in the third degree") provides:

> (a) A person is guilty of sexual assault in the third degree when:

> (1) The person engages in sexual intercourse or sexual intrusion with another person who is mentally defective or mentally incapacitated; or

> (2) The person, being sixteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is less than sixteen years old and who is at least four years younger than the defendant and is not married to the defendant.

> (b) Any person violating the provisions of this section is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than one year nor more than five years, or fined not more than ten thousand dollars and imprisoned in a state correctional facility not less than one year nor more than five years.

[5] Petitioner agreed to a transfer to adult status in order to enter his plea.

for most of 2004. In his statement in support of his guilty plea, petitioner had written, "When I was 14 I had sexual relations w/ [A.C.]"[6]

Petitioner was sentenced and committed to the custody of the Department of Corrections for a term of one to five years with credit for time served, with that time to be followed by a fifty-year term of supervised release. He completed his term of incarceration, and entered supervised release. In March of 2013, the State filed a "petition for revocation of probation" based on petitioner's discharge from a program he was required to complete as a term of supervised release, and his contact with a juvenile in contravention of release terms.[7] The court revoked his supervised release and imposed a thirty-year term of incarceration by order entered on September 16, 2013. This appeal followed.

On appeal, petitioner asserts three assignments of error: (1) that the plea he entered in 2010 was void because the circuit court failed to establish that petitioner was over the age of 16 at the time of the offense and, based on that failure, petitioner's crime did not meet the statutory definition of "third-degree sexual assault[;]" (2) that the circuit court plainly erred by failing to inquire about petitioner's mental health at the time his plea was taken, thereby failing to establish competency; and (3) that petitioner has not waived or forfeited his right to object to the court's acceptance of his plea. Petitioner concedes in his brief that his third and final assignment of error "is not strictly an assignment of error." We therefore will consider the issue of waiver only insofar as it may affect the first and second issues.

We consider petitioner's assignments of error in reverse order, beginning with his second, in which he argues that the court failed to establish that he was competent to enter his plea. In Syllabus Point 3 of *State v. Arnold*, 159 W.Va. 158, 219 S.E.2d 922 (1975), *overruled on other grounds* by *State v. Demastus*, 165 W.Va. 572, 270 S.E.2d 649 (1980), this Court held that "[w]hether a formal inquiry as to the mental capacity or competency of a defendant should be ordered is a question to be resolved within the sound discretion of the trial court." We further explained in *State v. Sanders*, 209 W.Va. 367, 379, 549 S.E.2d 40, 52 (2001)(*citing Arnold*, 159 W.Va. at 163, 219 S.E.2d at 925):

> Because a trial court is able to observe the demeanor of the defendant and consequently has a better vantage point than this Court to make determinations regarding mental competency, we will disturb a lower court's ruling denying a psychiatric examination and related proceedings only where there has been an abuse of discretion.

Mindful of this standard, we observe that West Virginia Code § 27-6A-2(a) provides:

---

[6] It is undisputed that, in 2004, at the time of the charged offense, A.C. was under the age of ten years old.

[7] This was the second "petition for revocation of probation" filed by the State. As a result of the earlier-filed petition, the court reinstated petitioner to "probation," but added terms to the original terms of his supervised release. The additional terms required that he enter and complete a specific rehabilitative program.

Whenever a court of record has reasonable cause to believe that a defendant in which an indictment has been returned, or a warrant or summons issued, may be incompetent to stand trial it shall, sua sponte or upon motion filed by the state or by or on behalf of the defendant, at any stage of the proceedings order a forensic evaluation of the defendant's competency to stand trial to be conducted by one or more qualified forensic psychiatrists, or one or more qualified forensic psychologists. If a court of record or other judicial officer orders both a competency evaluation and a criminal responsibility or diminished capacity evaluation, the competency evaluation shall be performed first, and if a qualified forensic evaluator is of the opinion that a defendant is not competent to stand trial, no criminal responsibility or diminished capacity evaluation may be conducted without further order of the court. The initial forensic evaluation may not be conducted at a state inpatient mental health facility unless the defendant resides there.

It is undisputed that petitioner did not request an evidentiary hearing pursuant to this section. However, we have written:

[S]ince the right not to be tried while mentally incompetent is subject to neither waiver nor forfeiture, a trial court is not relieved of its obligation to provide procedures sufficient to protect against the trial of an incompetent defendant merely because no formal request for such has been put forward by the parties. In other words, a trial court has an affirmative duty to employ adequate procedures for determining competency once the issue has come to the attention of the court, whether through formal motion by one of the parties or as a result of information that becomes available in the course of criminal proceedings.

*Sanders*, 209 W.Va. at 377, 549 S.E.2d at 50 (citations omitted). Petitioner does not argue herein that he was incompetent at the time he entered his plea. Rather, he argues that the court was aware that petitioner had a difficult and problematic history which should have "set off alarm bells . . . regarding his mental status and ability to cognitively understand entering a plea[.]" Petitioner further argues that "[t]he [c]ourt never even inquired about [his] history of mental illness or psychiatric treatment, even though it was aware [of past treatment] and ordered him to undergo three separate psychiatric evaluations."

At least one of the evaluations petitioner underwent was a competency examination. Despite petitioner's argument that the court failed to consider his mental status, the appendix record on appeal contains a report of a psychological evaluation completed by psychologist Kimberly D. Parsons of Clayman & Associates a little more than a month prior to the plea hearing. The circuit court's order for the evaluation is not included in the appendix record on appeal, but the State represents that this evaluation was ordered by the court to determine petitioner's competency to stand trial, and petitioner does not dispute this representation. Indeed, the purpose stated on the face of the report indicates that petitioner "was referred . . . to assist the [c]ourt in determining competence to stand trial criminal responsibility as well as a risk assessment as provided for in West Virginia Code [§ 27-6A-2(a).]" Petitioner does not

4

acknowledge the evaluation report in his brief or reply, and argues instead that the court "only ordered an evaluation after accepting [petitioner's] plea[.]" The date of the report, together with its stated purpose, belies petitioner's argument. Moreover, inasmuch as petitioner did not address the report, he has offered no suggestion that his mental status changed in the short time that elapsed between the psychological evaluation and the plea hearing.

Though Ms. Parsons' report details a troubled and disturbing history, including mental health treatment beginning at age five and continuing throughout petitioner's life, the report notes that petitioner was "oriented to person, purpose, time, and place" and further notes "no evidence of delusions, hallucination or further psychosis" on the date of the examination. Ms. Parsons found petitioner functioned in the average range of intellectual ability, with no demonstrated problems affecting his comprehension. Importantly, Ms. Parsons noted that petitioner scored 94 out of a possible 100 points on the Georgia Court Competency Test, "impl[ying] his ability to understand the courtroom concepts as measured by this instrument." Ms. Parsons concluded:

> Based upon the available data, [petitioner] appears to have the ability to understand his charges in a rational and factual manner. Additionally, he also demonstrated the ability to assist in his defense. He was able to identify his charges and provide a definition. He clearly discussed his current legal dilemma, the roles and duties of courtroom participants and his awareness of possible legal outcomes. . . .
>
> He did not provide data regarding [the crime to which he would plead guilty] during the interview, but during the testing he offered data designed to deflect blame and undermine the veracity of the allegations. This again, demonstrates his ability to appreciate the seriousness of his current legal predicament.

Furthermore, the answers provided by petitioner in his written "Statement in Support of a Plea[,]" filed on the date that petitioner's plea hearing was conducted, demonstrate a clear understanding of his situation and the charge to which he pled guilty.[8] Upon receiving those answers, the court conducted a thorough plea hearing at which the court had the opportunity to observe petitioner's demeanor. In consideration of the detailed report of Ms. Parsons and the hearing conducted by the circuit court, we do not find that the court abused its discretion in declining to order further examinations or proceedings to address petitioner's competency.

Having determined that there is no evidence that petitioner was not competent to understand the charges against him or the proceedings below, we turn to petitioner's first assignment of error, in which he argues that his plea was void for the court's failing to establish all elements of the crime. In *State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996), this Court stated that "[i]f any principle is well settled in this State, it is that, in the absence of

---

[8] Petitioner's counsel assisted petitioner in completing this statement, noting that petitioner was unable to read or write well. However, at the plea hearing, petitioner acknowledged the help and affirmed that counsel read the questions to him. He further affirmed that counsel recorded his answers correctly.

special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences."

Petitioner argues that his signing of the plea agreement was not freely, voluntarily, and intelligently done, as evidenced by the circuit court's failure to discover the factual basis for the plea, and further argues (without citation to authority) that the State failed to establish an act that would bring him within the scope of the statute defining sexual assault in the third degree. We understand his argument to attack the circuit court's subject matter jurisdiction over the case before it. Subject-matter jurisdiction refers to "'the courts' statutory or constitutional *power* to adjudicate the case.'" *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)(quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). *See also Willis v. O'Brien*, 151 W.Va. 628, 630-31, 153 S.E.2d 178, 180 (1967)("Jurisdiction is a constitutional endowment of power to hear and determine a cause. Thus, any court authorized by the Constitution, or a statute enacted pursuant thereto, to hear and determine a cause involving a criminal act has jurisdiction thereof.") Circuit courts in this state are empowered with jurisdiction over "all crimes and misdemeanors." W.Va. Const. art. VIII § 6; *see also* W.Va. Code § 51-2-2. Petitioner's argument, it seems, would require a court to ascertain the elements of each crime to which a defendant pleads to ensure that the court is not divested of this jurisdictional authority.[9]

---

[9] We note that petitioner did not challenge the sufficiency of the information, a charging instrument that, like an indictment, has certain constitutional implications. The sufficiency of any information is judged according to the same standards as an indictment. *State v. Donald S.B.*, 184 W.Va. 187, 190, 399 S.E.2d 898, 901 (1990). "An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." Syl. Pt. 2, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996). "'An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W.Va. R.Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy." Syl. Pt. 6, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999).'" *State v. Haines*, 221 W.Va. 235, 236, 654 S.E.2d 359, 360 (2007). We also note, though no objections have been raised to the timeliness of petitioner's appeal:

> Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure provides that "[d]efenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings) *must be raised prior to trial*." (Emphasis added). In addition, this Court has held:

> > Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure requires that a defendant must raise any objection to an indictment prior to trial. Although a challenge to a defective indictment is never waived, this Court literally will construe an indictment in favor of validity where a defendant fails timely to

Rule 11(f) of the West Virginia Rules of Criminal Procedure provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." However, we have explained:

> "[O]ne purpose of the requirement of Rule 11(f) is to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" [*State v. Bennett*, 179 W.Va. 464, 467, 370 S.E.2d 120, 123] (quoting *McCarthy v. United States*, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 426 (1969)). While such purpose is obviously laudatory, this Court has never deemed it constitutionally necessary for a trial court to undertake the inquiry required by Rule 11(f). And other courts appear in general agreement that absent special circumstances "'there is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir.1993) (en banc), cert. denied, 511 U.S. 1054, 114 S.Ct. 1614, 128 L.Ed.2d 341 (1994) (citation omitted). Rather, only when the defendant claims his factual innocence while pleading guilty, a situation not present in this case, is a court constitutionally required to undertake such a procedure. *See North Carolina v. Alford*, 400 U.S. 25, 37–39, 91 S.Ct. 160, 167–68, 27 L.Ed.2d 162 (1970); see also *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir.1983); *Willett v. Georgia*, 608 F.2d 538, 540–41 (5th Cir.1979).

*State ex rel. Farmer v. Trent*, 209 W.Va. 789, 796, 551 S.E.2d 711, 718 (2001). Because circuit courts are not required to undertake the Rule 11(f) inquiry, the court's jurisdiction does not rise or fall on this laudatory task.

---

> challenge its sufficiency. Without objection, the indictment should be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law or for which the defendant was convicted.

Syl. Pt. 1, *Miller*, 197 W.Va. at 592-93, 476 S.E.2d at 539-40. We explained the reason for this rule in *State v. Palmer*, 210 W.Va. 372, 376, 557 S.E.2d 779, 783 (2001):

> The purpose behind this rule is to prevent a criminal defendant from 'sandbagging' or deliberately foregoing raising an objection to an indictment so that the issue may later be used as a means of obtaining a new trial following conviction. *See* 4 Wayne R. LaFave et al., Criminal Procedure § 19.1(d), at 741 (2d ed.1999). The rule we announced in *Miller* now makes this stratagem extremely perilous.

*State v. Chic-Colbert*, 231 W.Va. 749, 757-58, 749 S.E.2d 642, 650-51 (2013).

Petitioner, without maintaining his innocence, pled guilty to a crime as part of a plea agreement in which the State agreed to reduce certain charges. The court's role in accepting or rejecting a guilty plea is not to make a formal adjudication of guilt beyond a reasonable doubt on the charge to which the defendant is willing to plead. Rather, the court's role, insofar as the defendant is concerned, is to ascertain that the plea is voluntarily and intelligently made and that the defendant understands its consequences and the constitutional rights he is waiving. Rule 11(f) of the West Virginia Rules of Criminal Procedure; *Myers v. Frazier*, 173 W.Va. 658, 319 S.E.2d 782 (1984). The court fulfilled its role in this case. Presumably, inasmuch as petitioner has not challenged the charging instrument, the information pursuant to which he pled met the minimal constitutional standards to provide the required notice about the crime charged. Furthermore, the record before us reflects that, at the plea hearing, the court confirmed that petitioner reviewed the charging instrument with counsel and understood "what the State would have to prove beyond a reasonable doubt to convict [him] of [sexual assault in the third degree]."

Immediately before taking petitioner's plea, the court confirmed with petitioner the details relevant to the elements of sexual assault in the third degree: "You committed this offense by engaging in sexual intercourse with a person with the initials A.C., who was less than sixteen years old and at least four years younger than you, and to whom you were not married, your being sixteen years or older." Petitioner agreed. At every juncture, petitioner affirmed his understanding. We thus find that petitioner received adequate notice of the charge, and voluntarily and intelligently pursued a bargain that inured to him.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

8